ONE CHICAGO COIN'S PLAY BOY
MARBLE BOARD, No. 19771, v. STATE
ex rel. ADAMS, County Atty.

No. 33529. Nov. 15, 1949.
Rehearing Denied Dec. 6, 1949.

212 P. 2d 129.

Frank Hickman and Irvine E. Ungerman, both of Tulsa (Charles A. Whitebook, of Tulsa, of counsel), for plaintiff in error.

Elmer W. Adams, County Atty., and Hugh Webster, Asst. County Atty., both of Tulsa, for defendant in error.

CORN, J. This proceeding was begun in the name of the State on relation of the county attorney, to confiscate a certain described marble board, allegedly denounced as a slot machine or gambling device under the provisions and within the meaning of 21 O.S. 1941 §§964-977, commonly referred to as the Slot Machine Act of 1939.

The petition alleged operation of the machine in question and seizure by the sheriff; that same was owned and operated in violation of the statutes and prayed for confiscation and disposal of the machine as provided by law.

Defendant filed demurrer to the petition alleging ownership of the machine and that the petition failed to state facts justifying confiscation or forfeiture thereof. He then filed answer alleging the machine was wrongfully seized; that same was lawfully operated for amusement only and was not a gambling device within the meaning of the statutes; that if the statutes should be construed to prohibit operation of such machines then the Act (1939) is unconstitutional and beyond the police power of the state, being an attempt to regulate and prohibit a subject having no relation to public morals, health or welfare, deprived defendant of his property without due process of law and thus violated article 2, sec. 2 of the Constitution. Defendant asked that the petition be dismissed and the property, with money it contained at the time of taking, be ordered released and returned.

The evidence adduced at the trial as to the nature and operation of the machine is not disputed, and in view of the widespread understanding of such instrumentalities, a detailed narrative is unnecessary. It is sufficient to observe that the evidence established that no gambling was carried on in connection with playing of the machine, but upon attaining a certain score a player would automatically receive free games.

After hearing the evidence the trial court made certain findings of fact concerning construction and operation of this board, and then made in part the following conclusions of law:

"That the marble board here involved is a 'slot machine' within the provisions of Sections 964 and 965 of Title 21, O.S. 1941.

"That additional free games obtained in the playing of said marble board are things of value 'won or lost' within the meaning of the Act.

"That the giving of free games is calculated to serve as an inducement to play of the marble boards.

"That the Act is constitutional and the marble board should be confiscated and destroyed in accordance therewith."

Judgment was rendered in accordance with such findings.

Defendant's grounds for reversal of the judgment are presented in an extensive brief. The contentions may be summarized as being: (1) that the machine in question is not a slot machine within the meaning of the 1939 act; and (2) that the statute sought to be enforced is unconstitutional and void as being beyond the police power of the state and without substantial relation to the public morals, health and welfare.

Validity of the 1939 act has been considered several times by the Criminal Court of Appeals. Ex parte Davis, 66 Okla. Cr. 271, 91 P. 2d 799; Couch v. State, 71 Okla. Cr. 223, 110 P. 2d 613; and earlier cases cited in the body of these opinions.

Although the holding in such cases is not binding upon this court, the rules therein announced may be considered as persuasive, upon presentation of similar issues to this court.

The rule consistently announced in regard to machines of this nature, played for amusement but giving free games, is that they are slot machines within the meaning of the 1939 act, and as such are prohibited. It is unnecessary to consider at length the various phases of extensive argument presented by defendant, all to the effect that machines such as here involved, when played for amusement only but which give free plays, are not slot machines within the meaning of the 1939 act.

In that act, the validity of which has been upheld, "amusement" was enumerated among those subjects and items defined and declared to be a "thing of value." The law is well settled that the Legislature may, in the proper exercise of the police power, define and declare what is to be deemed injurious to public health, morals, safety and general welfare. Couch v. State; Ex parte Davis, supra; Cotton Club v. Okla. Tax Comm., 195 Okla. 403, 158 P. 2d 707. And, the Legislature is primarily the judge of whether certain facts or conditions justify regulation of a particular business for the public welfare. Jack Lincoln Shops v. State Dry Cleaners' Board, 192 Okla. 251, 135 P. 2d 332; McCord v. State, 2 Okla. Cr. 214, 101 P. 280.

Defendant further urges that if the 1939 act be construed as prohibiting the operation of this machine, then the act is unconstitutional as being violative of Const., art 2, sec. 2, and art 5, sec. 57. As to the latter provision it was pointed out in Ex parte Davis, supra, that:

"This provision of the Constitution has been considered and construed by the appellate courts of this state in numerous cases, and the established rule is that the title to an act may be

general and need not specify every clause in the statute; it being sufficient if the various provisions are referable to and cognate to the subject expressed. State v. Wheatley, 21 Okla. Cr. 28, 200 P. 1004, and cases cited. Smith v. State, 47 Okla. Cr. 184, 287 P. 835.

"In Jackson v. State, 22 Okla. Cr. 338, 211 P. 1066, this court held:

"'It is not necessary for the title to an act of the Legislature to embrace an abstract of its contents. It is sufficient if the title contains a reasonable intimation of the matters under legislative consideration.'"

The argument also is advanced that the 1939 act is repugnant to Const., art. 2, sec. 2, granting all persons the *inherent* right of life, liberty and the pursuit of happiness. It is urged that it is fundamental to the constitutional law of the state that each citizen has the right to do whatever he chooses and has the power to do, and is restricted in such rights only so far as it is necessary to restrict them for the safety of others; but, if the law invades the prerogatives of man's natural rights and attempts to prohibit such acts, or to make their commission a crime, such law is unconstitutional and void.

To this argument it is sufficient to point out that acts, which to some extent interfere with an individual's constitutionally guaranteed privilege of certain inherent rights, may be sustained as being within the police power, *or in the interest of the general welfare*. And this is true whether the act in question interferes with the right to enjoyment of the gains of a person's own industry, to freedom of contract, or the exercise of natural rights reserved to all. Harmon v. Oklahoma Tax Comm., 189 Okla. 475, 118 P. 2d 205; Booth v. State, 76 Okla. Cr. 410, 137 P. 2d 602; Herrin v. Arnold, 183 Okla. 392, 82 P. 2d 977, 119 A. L. R. 1471; In re Maine, 162 Okla. 65, 19 P. 2d 153.

We necessarily conclude that this machine was of the type prohibited by the 1939 act as it was operated so as to give free games, which, under the construction of the statute, was a thing of value.

It is to be noted that subsequent to the time this appeal was filed (March, 1948) the Legislature amended the 1939 act here considered, by passage of House Bill 207, Laws 1949, p. 204. Therein "amusement" or "entertainment" are expressly excepted from the legislative definition of a "thing of value" as appeared in the 1939 act. By stipulation of the parties, the machine and the money contained therein have been preserved, awaiting disposition according to the judgment of this court.

Since the passage of the amendatory act, the defendant has filed additional brief, containing what is styled a motion for restitution of the property held. It is defendant's theory that the determination of this appeal *must be had* in accordance with the law prevailing at the time of our decision, and the operation of this machine is legal under the amendment.

Defendant contends that the 1939 act is penal in nature, and there can be no legal conviction or valid judgment thereon unless the law creating such an offense be in existence at the time; United States v. Tynen, 11 Wall. 88, 20 L. Ed. 153. And that:

"during the pendency in an appellate court of action for a penalty, civil or criminal, the statute prescribing the penalty is repealed, without any saving clause, the appellate court must dispose of the case under the law in force when its decision is given, even although to do so requires the reversal of a judgment which was right when rendered." Gulf, C. & S. F. Ry. Co. v. Dennis, 224 U. S. 503, 56 L. Ed. 860.

Also see 11 A.L.R. 1317, and cases cited in such annotation.

This argument is without force, in view of Const., art. 5, sec. 54, providing as follows:

"The repeal of a statute shall not revive a statute previously repealed

by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

While true that the constitutional provision deals with repealed statutes, we see no material difference merely because the statute in question was amended, rather than repealed in entirety and replaced by a new enactment containing the substance of the amended section. Although an amendment is not the same as repeal, to a certain degree it operates as a repeal. See Crawford, Statutory Construction, Amendments, sec. 115 et seq.

A similar situation was presented in Bilbrey v. State, 76 Okla. Cr. 249, 135 P. 2d 999, wherein the defendant was tried and convicted under a statute, but the crime was abated by a subsequent amendatory act of the Legislature. In denying such contention, the case of Penn v. State, 13 Okla. Cr. 367, 164 P. 992, L. R. A. 1917E, 668, was cited, and, after setting out the constitutional provision, the court said:

"Above section construed in part, and held, 'that statutes repealing penalties for offenses committed in this state operate prospectively and are applicable only to offenses committed after the statute became effective.' "

Also see authorities therein cited.

We are of the opinion, and hold, that defendant's claim that this matter must be disposed of on appeal under the law as it presently exists is without substantial merit. ·

Judgment affirmed.

DAVISON, C. J., and WELCH, GIBSON, LUTTRELL, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and HALLEY and JOHNSON, JJ., dissent.