The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Is Title 2 O.S. 6-195 [2-6-195](b) (1978) unconstitutional? 2. Is Regulation 603.1d. 2 iii providing exemptions under the Oklahoma Meat Inspection Act arbitrary and capricious? The statute and regulation about which you inquire both deal with an exemption from the requirements of the Oklahoma Meat Inspection Act, Title 2 O.S. 6-181 [2-6-181] et seq. (1971). The statute in question makes the following provisions: "(b) The provisions of this act requiring inspection of the slaughter of animals and the preparation of carcasses, parts thereof, meat and meat food products shall not apply to operations of types traditionally and usually conducted at retail stores and restaurants, when conducted at any retail store or restaurant or similar retail type establishment for sale in normal retail quantities or service of such articles to consumers at such establishments." Under the above provision, retail stores and retail type establishments are exempt from the inspection requirements for the slaughter and preparation of carcasses. Whether the statute in question is unconstitutional as applied to a particular case is a question of fact, which we do not address in this opinion. This opinion deals only with the statutes constitutionally as a matter of law. It is a well settled principle of law that the Legislature has the authority, under the State's police powers, to regulate areas which affect the public health, safety and welfare. See Adolph Coors Co. v. Oklahoma Alcoholic Beverage Control Board, Okl. 584 P.2d 717 (1978), Semke v. State ex rel. Oklahoma Motor Vehicle Commission, Okl. 465 P.2d 441
(1970); One Chicago Coin's Play Boy Marble Board No. 19771 v. State of Oklahoma, 212 P.2d 129 (1949). Thus, the Legislature was acting within the scope of its authority when it enacted the Oklahoma Meat Inspection Act. Title 2 O.S. 6-195 [2-6-195](b) (1978) provides an exemption which, in effect, creates a classification. Where a classification is not arbitrary or capricious and there is a rational basis for the classification, it is not a denial of equal protection of the laws. See Lamb v. Brown, Okl. 456 P.2d 18
(1972) and State v. Dist. Ct. of Mayes County, Okl.440 P.2d 700 (1968). In the instant situation, there is a rational basis upon which retail establishments are exempted from the inspection requirements. The purpose behind the Act is to provide for inspection of those businesses which engage in the slaughtering and preparation of carcasses, a function performed prior to a retail establishment's handling of the product. Viewing the statute as a whole and the purpose it was enacted to effectuate, we cannot say as a matter of law that the statute is unconstitutional. Your second question addresses itself to Regulation 603.1 d. 1 iii under the Oklahoma Meat Inspection Act and inquires whether said regulation is arbitrary and capricious. The regulation defines a "retail store" and provides as follows: "A retail store is any place of business where the sales of product are made to consumers only; at least 75 percent, in terms of dollar value, of total sales of product represents sales to household consumers and the total dollar value of sales of product to consumers other than household consumers does not exceed $18,000 per year; only federally or state inspected and passed product is handled or used in the preparation of any product, except that product resulting from the custom slaughter or custom preparation of product may be handled or used in accordance with paragraph (a) (2) of this subchapter but not for sale; no sale of products is made in excess of a normal retail quantity as defined in subdivision (ii) of this subparagraph; the preparation of products for sale to household consumers is limited to traditional and usual operations as defined in subdivision (i) of this subparagraph; and the preparation of products for sale to other than household consumers is limited to traditional and usual operations as defined in (a), (b), (d), and (e) of subdivision (i) of this subparagraph. (A retail store at which custom slaughtering or preparation of products is conducted is not thereby disqualified from exemption as a retail store under this paragraph (d) .) The State Board of Agriculture is a State agency created by Article VI, Section 31 of the Oklahoma Constitution. Title 2 O.S. 2 [2-2] — 2 O.S. 4 [2-4] (1971) grants the Board the power to adopt such rules and regulations and grades and standards as it deems necessary and appropriate to carry out the purpose of the Act. The purpose of the Act is the regulation, through inspection, of those businesses which deal in the slaughter and preparation of carcasses. In order for an administrative agency's rules to avoid the stigma of arbitrariness, there must be some rational basis for the rule. See Hennessey v. Independ. School Dist. No. 4,552 P.2d 1141 (1976) and Atewooftakewa v. Udall,277 F. Supp. 464 (W.D. Okla. 1976). The percentage figure as well as the overall dollar limitation on the qualification for retail status, were based on evidence presented to the United States Department of Agriculture during its promulgation of an identical rule at the federal level. There is then, an apparent rational basis upon which the rule was adopted and the Board was acting within the scope of its authority in adopting the rule. It is therefore the official opinion of the Attorney General that your questions be answered as follows: (1) On its face, Title 2 O.S. 6-195 [2-6-195](b) (1978) is not constitutionally defective. (2) Regulation 603.1 d 2 iii providing for exemptions under the Oklahoma Meat Inspection Act is not arbitrary and capricious. (KAY HARLEY JACOBS) (ksg)