Dear Honorable Rozell,
The Attorney General has received your request for an official opinion asking, in effect:
 May the trustees of a public trust created prior to 1970 continue to receive compensation as provided by Attorney General Opinion No. 74-213 in light of 74 O.S. 500.36 (1985)?
Enrolled House Bill No. 1164 of the 40th Legislature amended numerous statutory provisions regarding payment of compensation and per diem to members of state commissions, boards, and agencies. Each section in the bill deleted provisions providing for compensation of these members and for payment of actual expenses incurred while attending commission or board meetings. Now, these members will be reimbursed as per the State Travel Reimbursement Act (74 O.S. 500.1 (1981) et seq.).
Section 80 of the bill, as amended by Section 4 of Enrolled Senate Bill No. 61, provides that:
 "Effective July 1, 1985, no members of Oklahoma boards and commissions shall receive per diem payments or reimbursements for expenses other than those specifically authorized by Section 500.1 through 500.54 of Title 74 of the Oklahoma Statutes or Section 1501-605[82-1501-605] of Title 82 of the Oklahoma Statutes or except as otherwise provided by law. Provided that this section is not intended to prohibit the payment of statutory salaries to members of the Oklahoma Tax Commission, the Oklahoma Transportation Commission and the Oklahoma Pardon and Parole Board." (Emphasis added).
This section, codified as 74 O.S. 500.36 (1985), would appear to apply to trustees of public trusts since public trusts are state agencies, 60O.S. 179 (1981), and trustees of such trusts are public officers, 60O.S. 178(a) (1981). Therefore, unless public trusts and their trustees fall within the exception of this section "except as otherwise provided by law," they may receive reimbursement only as provided by the State Travel Reimbursement Act.
Title 60 O.S. 178 (1981), prior to its amendment in 1970, provided that trustees of public trusts could be compensated pursuant to terms of the trust or if this were omitted from the terms of the trust, pursuant to state law. Attorney General Opinion No. 74-213 found that trustees of public trusts created prior to the amendment in 1970 could continue to receive compensation. The principle used to arrive at this conclusion is a rule of statutory construction which states that a statute should be given prospective application only unless a contrary legislative intent is clearly expressed or necessarily implied from the language that is used. Board of Trustees of the Fireman's Relief and Pension Fund of theCity of Tulsa v. Naughton, 173 P.2d 425 (Okla. 1946). No language is found, either expressly or by implication, which would make its application retroactive.
In addition, the Oklahoma Constitution, Article V, Section 54 provides that:
 "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."
Section 54 has been held applicable to the amendment of statutes as well as general repealers thereof. One Chicago Coin's Play Boy Marble Bd, No.197711 v. State, 212 P.2d 129 (Okla. 1949).
In the instant case, applying Section 80 of the bill to trustees of public trusts created prior to the amendment of 60 O.S. 178 (1981) in 1970 would clearly work to divest the trustees of such a trust of a right accrued under the statute prior to its amendment in violation of this constitutional prohibition.
It is, therefore, the official opinion of the Attorney General thattrustees of public trusts created prior to the amendment of 60 O.S. 178(1981) in 1970 may continue to receive compensation as provided by A.G.Opin. No. 74-213 and that 74 O.S. 500.36 (1985) does not apply to trusteesof public trusts created prior to 1970.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
STEPHEN A. LAMIRAND, ASSISTANT ATTORNEY GENERAL