OSCN Found Document:IN RE: STATE QUESTION NO. 832 INITIATIVE PETITION NO. 446

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE: STATE QUESTION NO. 832 INITIATIVE PETITION NO. 446
2024 OK 60
Case Number: 122423
Decided: 08/15/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 60, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

IN RE: STATE QUESTION NO. 832, INITIATIVE PETITION NO. 446,

STATE OF OKLAHOMA, TO:

JOSH COCKROFT, SECRETARY OF STATE, STATE OF OKLAHOMA

GREETINGS:

ORDER

¶1 Proponents of State Question 832, Initiative Petition 446 have circulated their petition and collected signatures to place State Question 832 on the ballot. The state question would amend the Oklahoma Minimum Wage Act to increase the state minimum wage, beginning in 2025 with $9.00 per hour and increasing $1.50 every year until the minimum wage was $15.00 in 2029. Thereafter, the minimum wage would increase based upon the increase in cost of living, if any, as measured by the U.S. Department of Labor. Proponents timely filed their pamphlets with the Oklahoma Secretary of State on July 15, 2024. See 34 O.S.2021 § 3.

¶2 The Oklahoma Secretary of State, Josh Cockroft, has certified to this Court that the proponents for State Question No. 832, Initiative Petition No. 446 turned in 157,287 physical signatures that were in substantial compliance with 34 O.S.2021 §§ 3, 4 and 6.1. 34 O.S.2021 § 8(H)(1). The Secretary of State also certified that 1,153,284 votes were cast for the office of Governor in the last general election, November 2022. Id. § 8(H)(2). Proponents to amend a state statute by initiative petition must collect a total amount of signatures equaling 8% of the total number of votes cast for the state office receiving the highest number of votes cast in the last general election. Okla. Const. art. V, § 2; 34 O.S. § 8(H)(2). According to the Oklahoma State Election Board, 8% of the November 2022 election for Governor totaled 92,263. The number of physical signatures counted and certified to this Court by the Secretary of State appears numerically sufficient. 34 O.S. § 8(H).

¶3 Any citizen may file an objection to the ballot title or the validity or number of signatures within ten (10) days after the Secretary of State publishes notice in a newspaper of general circulation. 34 O.S.2021 § 8(I). When the proponents filed their Initiative Petition on October 27, 2023, the operative statute required that such objection "must be filed within ten (10) business days after publication and must relate only to the validity or number of the signatures or a challenge to the ballot title." Id. (emphasis added). The applicable deadline is unaffected by amendments to § 8(I) which became effective after the proponents filed this proceeding.

¶4 The Secretary of State is directed to publish, in at least one newspaper of general circulation in this State, a notice of the filing of the signed petitions and the signed petitions' apparent sufficiency. Id. The Secretary of State shall also include in the notice the text of the ballot title as rewritten by the Attorney General and a notice to any citizen that he or she may file an objection to the signature count or rewritten ballot title by filing the written objection with the Supreme Court with copies sent to the proponents of State Question 832, Initiative Petition 446. Id. The Secretary of State must further advise all citizens in the published notice that any objection to the signature count or rewritten ballot title must be filed within ten (10) business days after publication, the objection can only relate to the validity of the signatures or the rewritten ballot title, and copies of the objection must be filed with the Supreme Court, the Attorney General, and the Secretary of State. Id.

¶5 The Secretary of State shall obtain verified proof of publication of the required notice and shall file with dispatch that verified proof of publication with the Clerk of the Oklahoma Supreme Court as a return to this order.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 15th DAY OF AUGUST, 2024.

/S/ACTING CHIEF JUSTICE

Kauger, Winchester, Edmondson, Combs (by separate writing) and Darby, JJ., concur;

Rowe, V.C.J. and Kuehn, J., concur in part; dissent in part;

Kane, C.J., dissents;

Kane, C.J., dissenting 
I would seek expedited briefs from the interested parties on proper calculation of the protest time prior to proceeding with the order."

Gurich, J., not voting.

 

 

COMBS, J., with whom KAUGER, J., joins, concurring specially:

¶1 I concur in the majority's determination of the numerical sufficiency of signatures counted and reviewed by the Oklahoma Secretary of State. I write separately to explain this Court's choice in setting a 10-day deadline for filing protests against the signature count or rewritten ballot title.

When the proponents initially filed this Initiative Petition with the Secretary of State on October 27, 2023, the applicable deadline for filing an "objection . . . to the validity or number of the signatures or a challenge to the ballot title" was "ten (10) business days after publication" of the Secretary of State's "notice of the filing of the signed petitions and the apparent sufficiency . . . thereof," which also includes "the text of the ballot title . . . as rewritten by the Attorney General." 34 O.S.2021, § 8(I). Ten days had been the applicable deadline since 1973, when this Court was first tasked with either counting signatures or certifying the signature count. See 34 O.S.Supp.1973, § 8; 34 O.S.1981, § 8; 34 O.S.1991, § 8; 34 O.S.Supp.1992, § 8(C); 34 O.S.2001, § 8(C); 34 O.S.Supp.2009, § 8(H); 34 O.S.2011, § 8(H); 34 O.S.Supp.2015, § 8(I); 34 O.S.2021, § 8(I). But this past session, the Legislature approved amendments lengthening the deadline twice. Effective April 23, 2024, the deadline became "ten (10) twenty (20) business days after publication" by virtue of Senate Bill 518. Act of Apr. 23, 2024, ch. 119, § 3, 2024 Okla. Sess. Laws Serv. 523, 526 (West). Then effective May 31, 2024, the already amended deadline became "ten (10) business ninety (90) days after publication" by virtue of House Bill 1105. Act of May 31, 2024, ch. 364, § 1, 2024 Okla. Sess. Laws Serv. --- (West). Thus, the question is which of the three deadlines should apply to filing protests against this Initiative Petition--10 days, 20 days, or 90 days?

Although we could theoretically side-step answering this question, we believe the better path is to decide the issue so that due process can be defined and observed going forward. This is in keeping with our former practice of specifying the deadline with language similar to the following:

The notice shall also advise that any citizen of the State of Oklahoma may file an objection to the signature count or the rewritten ballot title by filing a written objection with the Clerk of the Oklahoma Supreme Court and the Proponents of State Question 820, Initiative Petition 434, no later than ten (10) business days from the date of publication . . . .

In re Initiative Pet. No. 434, State Question No. 820, No. 120,641, slip op. at 2 (Okla. Aug. 25, 2022) (emphasis added); see also, e.g., In re State Question No. 805, Initiative Pet. No. 421, No. 118,895, slip op. at 2 (Okla. July 8, 2020) ("The Secretary of State must further advise all citizens in the published notice that any objection to the signature count or ballot title must be filed within 10 business days after publication . . . ." (emphasis added)); In re State Question No. 802, Initiative Pet. No. 419, No. 118,417, slip op. at 2 (Okla. Dec. 9, 2019) (same); In re State Question No. 793, Initiative Pet. No. 415, No. 117,108, slip op. at 2 (June 25, 2018) ("The notice shall further advise that any objection must be filed within ten (10) business days after publication . . . ." (emphasis added)).

We find that the applicable deadline is "ten (10) business days after publication." The language of Article V, Section 54 of the Oklahoma Constitution compels me to reach this conclusion: "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." Okla. Const. art. V, § 54. Here, the proceedings began when the proponents filed Initiative Petition No. 446 with the Secretary of State on October 27, 2023, in compliance with 34 O.S.2021, § 8(A). S.B. 518 and H.B.1105's subsequent repeal[1] of the 10-day deadline found in 34 O.S.2021, § 8(I) must not affect the proceedings already begun under subsection (A) of the very same statute.

If a protest challenging the sufficiency of the count or the ballot title is filed within the 10-day period, this Court will "resolve the objection with dispatch." 34 O.S.2021, § 8(K).

FOOTNOTES

[1] The amendments in these two bills are effectively equivalent to repeals. See One Chi. Coin's Play Boy Marble Bd., No. 19771 v. State ex rel. Adams, 1949 OK 251, ¶ 21, 212 P.2d 129, 133 ("While true that the constitutional provision [in Article V, Section 54] deals with repealed statutes, we see no material difference merely because the statute in question was amended, rather than repealed in entirety and replaced by a new enactment containing the substance of the amended section. Although an amendment is not the same as repeal, to a certain degree it operates as a repeal." (citing Earl T. Crawford, The Construction of Statutes §§ 115--124, at 170--83)).

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1949 OK 251, 212 P.2d 129, 202 Okla. 246, 
ONE CHICAGO COIN'S PLAY BOY MARBLE BD. v. STATE ex rel. ADAMS
Discussed

Title 34. Initiative and Referendum

 
Cite
Name
Level

 
34 O.S. 3, 
Petitions and Signatures
Discussed

 
34 O.S. 8, 
Filing Copy of Proposed Petition - Filing Fee - Publication - Protest - Hearing and Determination - Signature Gathering Deadline
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA