Charles Earl **HOPKINS**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. 0-87-557.

Court of Criminal Appeals of Oklahoma.

April 5, 1988.

Charles Earl Hopkins, pro se.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

On November 30, 1987, Charles Earl Hopkins, appearing pro se, filed an application with this Court for an extension of time in which to file a petition for a writ of certiorari in Tulsa County District Court case numbers TR–86–3252, TR–86–3253 and TR–86–3254. Applicant pled guilty and judgment and sentence was entered on his pleas on August 26, 1987.

Applicant filed an application to withdraw his guilty pleas on the same day, August 26, 1987, that he was sentenced. The District Court did not hold the hearing described in Rule 4.1 of the Rules of the Court of Criminal Appeals, 22 O.S.1981, ch. 18, App.

Applicant's request for extension of time is denied. Whether the District Court held the hearing within the 30 days prescribed in Rule 4.1 or not, the requirements of Rule 4.2 must be met timely. Rule 4.2 provides that "to perfect a certiorari appeal, the appellant must file, *within ninety (90) days from the date the judgment and sentence is pronounced ...*" The filing of a petition for a writ of certiorari and a certified copy of the record within 90 days are jurisdictional and this Court will not enlarge that time. There is no provision for extending the time to accommodate the hearing provided in Rule 4.1. In this regard, the hearing to request the plea be withdrawn is similar to a motion for a new trial. This Court has previously treated the mandatory language of 4.2 to supercede the mandatory language of 4.1 in order to resolve the conflict.

In regard to the grant of an extension of time to file the transcript, this Court will consider an extension if the appellant can show that the request for the transcript was promptly made after the 90 days commenced and through no fault of the appellant it was not prepared in time. A request for an extension of time to brief, if there are extenuating circumstances, will also be considered.

In cases where, through no fault of the defendant, the appeal time has expired the recourse is to file an application for post-conviction relief requesting the District Court make a determination and recommendation for this Court to consider the grant of an appeal out of time. 22 O.S. 1981, § 1080 to 1088; *see also Webb v. State,* 661 P.2d 904 (Okl.Cr.1983).

In this case, applicant failed to meet the minimal jurisdictional requirements of filing a petition for certiorari and the record within 90 days of August 26, 1987; his time to do so has expired.

For the foregoing reasons, applicant's request is DENIED.

BUSSEY, J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

Appellant filed a pro se application, asking that this Court grant him an extension of time in which to file a certiorari petition. The majority denies this extension, stating that "this Court will not enlarge" the time within which a petition for certiorari and a certified copy of the record must be filed.

The problem with this analysis is that it does not consider the reason for appellant's request. The district court failed to hold the mandatory hearing on appellant's application to withdraw his plea within the required time period of thirty (30) days. This failure to act made it impossible for appellant to follow the procedures set forth in Rule 4.2. By refusing to grant an extension of time, appellant is forced to suffer the denial of a certiorari because of the neglect of the district court.

Furthermore, the majority's view that the filing requirements and the time periods are "jurisdictional" is inherently contradictory. While this "jurisdictional" requirement of filing within ninety (90) days is strictly followed, the majority agrees that an extension will be considered for the "jurisdictional" requirement of filing the necessary transcripts. I see no reason why we may not consider an extension of time for either of these requirements, especially when the delay is due to an error by the district court.

Accordingly, I must dissent.