39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marcus E. BERRY, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 94-6253.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case is before us on petitioner's application for a certificate of probable cause and leave to proceed in forma pauperis, in order to appeal the district court's dismissal of petitioner's first petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The district court's dismissal was based on the ground of procedural bar and, alternatively, on the merits. We grant petitioner's motion to proceed without prepayment of costs, deny the application for a certificate of probable cause, and dismiss the appeal.
 
 A.
 
 3
 In 1984, petitioner pled guilty and was convicted in Oklahoma state court of multiple counts of rape, robbery with firearms, and burglary, and was sentenced to 100 years imprisonment. He is presently serving that sentence at the Lexington Correctional Center in Lexington, Oklahoma.
 
 
 4
 The record contains a transcript of petitioner's guilty plea hearing in open court, and written plea statements and fact summaries signed by petitioner and his counsel and submitted at the hearing. Petitioner was represented by counsel at the guilty plea hearing, and both petitioner and his counsel were questioned by the court. The questions were detailed, extensive, and clear. The court made inquiry on every critical point until petitioner, without ambiguity, manifested his understanding, and the voluntary, intelligent nature of his plea, free of coercion, inducements, promises, and so on. In view of petitioner's hospitalization for mental illness in 1978 and treatment for mental illness while in prison in California, the court vigorously pursued with petitioner and his counsel the question of petitioner's then present mental capacity to understand and enter a voluntary plea. All of the petitioner's rights under the Constitution were explained to him and an affirmative understanding and waiver obtained as to each. The court made detailed findings on every significant aspect of the plea, including petitioner's understanding of the charges, punishments, what the plea entailed, and petitioner's voluntary act, and advised the petitioner of his right to appeal, subject to a prior motion to withdraw his plea within the prescribed time limit. The guilty plea hearing covers nineteen pages of transcript.
 
 
 5
 Petitioner did not move to withdraw his plea and did not file an appeal. Almost five years later, in 1989, petitioner filed an application for post-conviction relief in the district court of Oklahoma County, alleging the following grounds for relief:
 
 
 6
 (1)Petitioner was denied effective assistance of counsel under the holdings in United States v. Cronic, 466 U.S. 648, 80 L.Ed.2d 657, 104 S.Ct. 2039 (1984), when counsel failed to subject the prosecution's case to meaningful adversarial testing through any pre-trial motions. U.S.C.A. 6 and 14.
 
 
 7
 (2)The plea of guilty was not knowingly and intelligently entered under the authority of Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969), when the trial court failed to inquire into coercion, terror or inducements.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 The fact that [neither] this petitioner's defense counsel, nor the trial court made an inquiry into the facts of this petitioner's case and/or issues before my plea of guilty. Further, the trial court failed to establish a factual basis to support this petitioner's plea of guilty, thereby establishing the competency of this petitioner.
 
 
 11
 On April 27, 1989, the district court entered its "PostConviction Findings and Order," denying petitioner's application on the merits and on the alternative ground of procedural bar. The court expressly found that petitioner's guilty plea was voluntary, without coercion, and after full consultation with counsel. The court further found that petitioner made no attempt to withdraw his plea at any time, either as a prerequisite to a direct appeal or otherwise, and that no direct appeal was taken. The district court's order stated that petitioner was entitled to appeal the ruling by filing a petition in error with the court of criminal appeals within thirty days. Petitioner did not appeal. Accordingly, the district court's decision became a final decision on the merits.
 
 
 12
 Two years later, in August 1991, petitioner filed a second post-conviction proceeding in the district court of Oklahoma County. The proceeding was entitled "Motion to Appeal Out of Time or Permission to File Second Post-Conviction Application." The "appeal out of time" referred to a "direct appeal." The district court dismissed the motion on August 16, 1991, on the ground that it was barred by the court's 1989 decision addressing the same subject matter.
 
 
 13
 The petitioner appealed this dismissal to the court of criminal appeals, stressing that he sought the right to appeal out of time. On December 23, 1991, the court of criminal appeals affirmed the district court's order denying relief, citing as the sole grounds the finality of the unappealed decision of the district court in petitioner's first post-conviction proceeding and procedural bar.
 
 
 14
 In 1993, petitioner filed the instant habeas petition in the federal district court, alleging the following grounds for relief:
 
 
 15
 [I]nvolountary [sic] [plea] due to ineffective assistance of counsel for failing to determine if Petitioner was competent, and that petitioner's pleas were coercoed [sic].
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 The trial court failed to make a factual Basis for accepting Petitioner's plea of guilty.
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 Petitioner should have been afforded an appeal out of time. After counsel failed to file his notice of intent to appeal Petitioner should of been afforded an appeal out of time through no fault of his own.
 
 
 22
 * * *
 
 
 23
 * * *
 
 
 24
 Petitioner did not file a direct appeal, due to counsel's inadvertant [sic] neglect to file a notice of intent to appeal.
 
 
 25
 Petitioner later filed a traverse to the government's response and asked for an evidentiary hearing to prove his counsel's neglect in failing to appeal as directed by petitioner. He also asserted that such neglect satisfied the "cause" necessary to overcome a procedural bar, and that prejudice was "clearly shown" by the lack of a direct appeal.
 
 
 26
 The petitioner was referred to the magistrate judge, who filed a detailed report and recommendation recommending denial of relief on procedural bar grounds or, alternatively, on the merits, and that a certificate of probable cause should not issue. The petitioner filed objections. On June 25, 1994, the district court, on a de novo review, adopted the magistrate judge's report and recommendation and entered its order denying relief.
 
 B.
 
 27
 On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 263 (1989); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993).
 
 
 28
 There is no question but that Mr. Berry's claims are procedurally barred under Okla. Stat. Ann. tit. 22, 1086, as stated by the Oklahoma Court of Criminal Appeals, either for failure to take a direct appeal, or by failing to appeal his first post-conviction decision, thus allowing it to become res judicata. Cf., e.g., Hale v. State, 807 P.2d 264, 266-67 (Okla.Crim.App.) (doctrine of res judicata bars consideration in post-conviction proceedings of issues which have been, or could have been, raised on direct appeal), cert. denied, 112 S.Ct. 280 (1991); Webb v. State, 661 P.2d 904 (Okla.Crim.App.), cert. denied, 461 U.S. 959 (1983).
 
 
 29
 Berry's arguments in support of "cause" to overcome his state court procedural bar relate to his attorney's alleged neglect or failure to follow instructions. Those arguments are insufficient. "Cause" must be something external to the petitioner, not fairly attributable to him, Coleman, 501 U.S. at 752; Murray v. Carrier, 477 U.S. 478, 492 (1986); Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991), and since there is no right to counsel in post-conviction proceedings, an unappealed decision on the merits of ineffective assistance claims in such proceedings cannot constitute cause because of counsel error. Coleman, 501 U.S. at 752-53.
 
 
 30
 From a comparison of Berry's claims to the recitation of facts above, it also is clear that Berry suffered no prejudice. And, he makes no claim that he is entitled to the actual innocence exception.
 
 
 31
 If necessary, we would also affirm the district court's denial of Mr. Berry's claims on the merits. But that is giving this case more substance than it deserves.
 
 
 32
 We are satisfied that petitioner has not made a substantial showing of the denial of an important federal right by demonstrating that the issues are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 (1983). The application for a certificate of probable cause is therefore DENIED. Leave to proceed without prepayment of costs or fees is GRANTED. The appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470