UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 11/27/96**

LEOBARDO MARTINEZ,

       Petitioner-Appellant,

v.

MICHAEL CODY, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondents-Appellees.

No. 95-7178
(D.C. No. CV-95-132-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellant Leobardo Martinez was convicted in Oklahoma state court of unlawful possession of marijuana and failure to affix a tax stamp.  His conviction was affirmed by the Oklahoma Court of Criminal Appeals.  Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma alleging his confinement was unconstitutional because of (1) prosecutorial misconduct where the prosecutor at closing argument appealed to societal alarm; (2) inadmissibility of evidence garnered as the result of an illegal search and seizure; (3) pretextuality of the underlying traffic stop; and (4) denial of due process when defense counsel was not permitted to question the highway patrol officer about whether petitioner had been given a timely Miranda warning.  The magistrate judge's recommendation that the petition be dismissed was adopted by the district court.  Our review of the factual findings of the district court is for clear error; conclusions of law are reviewed de novo.  See Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996).[1]

---

[1]     On April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214.  Title I curtails the scope of collateral review of convictions and sentences.  We need not decide the extent to which the amendments to habeas corpus review apply to cases pending when the Act was signed into law or the effect the amendments may have if they do apply because,

(continued...)

-2-

We turn first to petitioner's contention that comments by the prosecutor appealing to societal alarm in his closing argument deprived him of his right to due process. Initially, we note that "[w]hile improper appeals to societal alarm and requests for vengeance for the community to set an example are unwarranted, they are also not the type of comments that the Supreme Court has suggested might amount to a due process violation." Brecheen v. Reynolds, 41 F.3d 1343, 1356 (10th Cir. 1994)(quotation omitted), cert. denied, 115 S. Ct. 2564 (1995). Additionally, because the trial court judge addressed the impropriety of the prosecutor's remarks by sustaining an objection to them, R. Vol. I at 158, and by giving a curative instruction, id. at 169, and in light of the ample evidence in the record of defendant's guilt, see Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994), cert. denied, 115 S. Ct. 2278 (1995), we affirm the determination of the district court that the prosecutor's comments did not result in a deprivation of due process.

Petitioner's second issue relates to the circumstances surrounding his traffic stop and the eventual search of his vehicle. Petitioner argues that the consent to search which he gave the highway patrolman was involuntary.

---

[1](...continued)
even under the more expansive scope of review permitted before the Act, three of petitioner's four claims fail. In light of our remand of petitioner's remaining issue, we need not address the applicability of the Act at this time.

Alternatively, he argues that his extended detention by the patrolman was not based on a reasonable and articulable suspicion that he was involved in illegal activity. Because his detention was unreasonable and in violation of the Fourth Amendment, and because such illegality was not cured by voluntary consent, petitioner contends that the evidence seized as a result of this unconstitutional detention should have been suppressed.

Ignoring the huge corpus of federal constitutional law dealing with traffic stops under the Fourth Amendment, the magistrate judge determined that this issue amounted to a question of state evidentiary law and thus was an inappropriate basis upon which to ground a petition for habeas relief. We think otherwise and remand this case for further proceedings.

The ultimate determination of whether a detention was reasonable is a question of law which we review de novo. See United States v. Walker, 933 F.2d 812, 815 (10th Cir. 1991). The reasonableness of a traffic stop is determined with reference to the analysis set out in Terry v. Ohio, 392 U.S. 1 (1968). See Walker, 933 F.2d at 815. This analysis requires us to answer two questions: (1) was the action of the officer "justified at its inception[?]" and (2) was it "reasonably related in scope to the circumstances which justified the interference in the first place[?]" Terry, 392 U.S. at 20.

It is clear that the action of the patrolman in this case was "justified at its inception." The officer testified that petitioner had been speeding, R. Vol. I at 22, and the warning citation given petitioner reflects that radar detected him going five miles over the speed limit, Petitioner's Br. at Ex. B. This evidence is unrebutted. Because petitioner was speeding, there is no doubt that the initial stop was justified. See Walker, 933 F.2d at 815. This conclusion also disposes of petitioner's contention that the stop was a subterfuge for searching his vehicle. We have recently held that a traffic stop is valid if based on an observed traffic violation, and that it is "irrelevant that the officer may have had other subjective motives for stopping the vehicle." United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995), cert. denied, 116 S. Ct. 2529 (1996).

Having established that the stop of petitioner's vehicle was legitimate, our next inquiry under Terry is whether the detention "was reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U.S. at 20. Absent consent by the detainee, "[i]n order to justify 'a temporary detention for questioning,' the officer must also have reasonable suspicion 'of illegal transactions in drugs or of any other serious crime.'" United States v. Guzman, 864 F.2d 1512, 1519 (10th Cir. 1988)(quoting Florida v. Royer, 460 U.S. 491, 498-99 (1983)), overruled in part by United States v. Botero-

-5-

Ospina, 71 F.3d 783. We first address the posture of the consent issue in this case.

If an encounter between a police officer and a motorist is consensual, the Fourth Amendment ban on unreasonable searches and seizures does not come into play. See Walker, 933 F.2d at 816-17. However, retention of a motorist's driver's license and/or other pertinent documents by the officer during any questioning precludes a conclusion of consent until the documents are returned. See id. at 817. Here, there is no evidence that petitioner's driver's license was returned to him at any time during his detention, and the district court made no findings on this issue. If these documents were not returned, petitioner's detention would have been a seizure for Fourth Amendment purposes. See id. Because the voluntariness of consent is a question of fact to be evaluated with reference to all of the circumstances, see id., we must remand this case to the district court for further proceedings regarding this issue.

We note that, even if petitioner on remand prevails on the consent issue, the extended detention may still have been lawful if the officer had a reasonable and articulable suspicion of criminal activity. See United States v. Turner, 928 F.2d 956, 959 (10th Cir. 1991).[2]

_____

[2]      Our review of the state court record in this case leads us to conclude that petitioner failed to raise in state court the claim that the officer improperly

(continued...)

Petitioner's final assignment of error is his contention that he was deprived of due process when the trial judge prevented his defense counsel from inquiring of the officer regarding when and whether petitioner had received a Miranda warning. The trial judge sustained an objection to this testimony on the grounds of materiality. Id. at 67.

We review a trial court's rulings on the admissibility of evidence for abuse of discretion. United States v. Davis, 40 F.3d 1069, 1073 (10th Cir. 1994), cert. denied, 115 S. Ct. 1387, 1806 (1995). It is clear that the issue of whether a person in custody has waived Fifth Amendment rights is a question of law and is not a proper issue for jury consideration. See United States v. Hernandez, 93 F.3d 1493, 1501 (10th Cir. 1996). The trial judge was within his discretion to refuse to allow this line of questioning.

---

[2](...continued)
extended the scope of the detention in an effort to search for evidence of wrongdoing. Because Oklahoma precludes a prisoner from raising on collateral attack an issue that could have been, but was not, raised on direct appeal, see Webb v. State, 661 P.2d 904, 905 (Okla. Crim. App. 1983), petitioner may be procedurally barred from raising the issue in his § 2254 petition. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although Oklahoma did not assert procedural bar as a defense to the district court's consideration of this issue, this court has concluded that a federal court may raise state procedural default sua sponte in a § 2254 proceeding. See Hardiman v. Reynolds, 971 F.2d 500, 502-04 (10th Cir. 1992). Petitioner on remand should be permitted the opportunity to respond to the procedural bar issue.

The order of the United States District Court for the Eastern District of Oklahoma is VACATED and the case is REMANDED for further proceedings.

Entered for the Court


G. Thomas Van Bebber
District Judge