Alwyn R. WEBB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–83–105.

Court of Criminal Appeals of Oklahoma.

March 28, 1983.

Alwyn R. Webb, pro se.

Jan Eric Cartwright, Atty. Gen., and Robert H. Macy, Dist. Atty., Oklahoma City, for appellee.

## ORDER AFFIRMING DENIAL OF POST-CONVICTION RELIEF

The appellant was charged, tried and convicted of Second Degree Murder, Case No. CRF–81–3505, Oklahoma County, and sentenced to 14 years' imprisonment in the State Penitentiary. The appellant now alleges that he was improperly denied post-conviction relief by the District Court, where he alleged five (5) grounds of error. He now alleges eight (8) grounds of error.

After a review of the record, this Court finds that the appellant has not yet perfected an appeal of his conviction or sought an appeal out of time from the District Court, which this Court has held as requisite to filing of an application for post-conviction relief. In *Maines v. State,* 597 P.2d 774 (Okl.Cr.1979), this Court denied such an application when the appellant failed to explain his failure to file an appeal before applying for post-conviction relief. Where the appellant has apparently been advised of his rights to appeal, he may not by-pass the appeal stage for post-conviction relief. Exceptions are provided, however, in 22 O.S.1981, § 1086, which states:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

In *Maines,* this Court held that Section 1086 bars relief on issues raised in a post-conviction application which clearly could have been raised on a direct appeal. Furthermore, permitting one to bypass or waive a timely and direct appeal and proceed under Section 1080 without supplying sufficient reasons erodes the limitations and undermines the purpose of the statutory direct appeal under 22 O.S.1981, § 1051.

This Court then held that the appellant must furnish sufficient reasons for his failure to appeal "in order to proceed to adjudication of the merits of his application."

Indeed, the proper procedure to test the validity of a prior conviction is by direct appeal within six months of the rendition of the judgment and sentence. *Holt v. State,* 628 P.2d 1170 (Okl.Cr.1981). The proper procedure for the appellant herein is to file a post-conviction application in the district court, "where Findings of Fact and Conclusions of Law should be made as to whether applicant was denied a direct appeal through no fault of his own, which issue is the crucial one to appeal out of time." See *Smith v. State,* 611 P.2d 276 (Okl.Cr.1980).

The appellant in the present case has furnished neither this Court nor the district court with sufficient reasons as to why he did not follow the proper procedures. Accordingly, the district court's denial of the appellant's application for post-conviction relief is hereby AFFIRMED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT, this 28 day of March, 1983.

HEZ J. BUSSEY, P.J.
TOM R. CORNISH, J.
TOM BRETT, J.