**STATE of Oklahoma, Appellant,**

v.

**Gerald Lawrence WATKINS, Appellee.**

No. S–91–01085.

Court of Criminal Appeals of Oklahoma.

Aug. 25, 1992.

---

## ACCELERATED DOCKET ORDER

On July 12, 1990, appellee was charged by felony information in Case No. CRF–90–78, with 126 counts of Embezzlement alleged to have occurred between October 31, 1984 and September 17, 1985. Preliminary hearing on the matter was set for September 11, 1990. On that date the State requested a continuance because it had difficulty obtaining a witness. Although the defense initially acquiesced to the State's request for a continuance in the matter, when the appellee was told that circumstances would require him to obtain a new attorney if the hearing was continued, he objected to the continuance. The court denied the State's request for a continuance and the case was dismissed.

On September 12, 1990, the State refiled the same counts of Embezzlement against the appellee in Case No. CRF–90–112, which is the case at bar. Preliminary hear-

ing was held on April 22, 1990. At this hearing, the defense made a motion to dismiss claiming that the statute of limitations on the crime charged barred prosecution.[1] At this time, the court denied appellee's motion to dismiss.

Later, on May 20, 1991, appellee filed a motion to reconsider his motion to dismiss. This motion was sustained by the court which found that the initial three year statute of limitations barred prosecution. The court found that the amended statute of limitations did not apply to the case at bar because the crimes were alleged to have occurred before the statute of limitations was amended. It was further found that 22 O.S.1981, § 3, which prohibits retroactive application of criminal procedure statutes unless otherwise specifically provided, prohibited application of the amended statute of limitations.

The State of Oklahoma objected to this ruling and lodged an appeal on this basis. The appeal was assigned to the Accelerated Docket of this Court pursuant to Rule 11.2 of the *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1990, Ch. 18, App.

■■■ The general common law rule of statutory construction is that statutes and amendments are to be construed to operate only prospectively unless the legislature clearly expresses an intent to the contrary. *Welch v. Armer*, 776 P.2d 847 (Okl.1989). However, as was indicated in *Welch*, "remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights are generally held to operate retrospectively." *Id.* at 850.

■■ In the present case, the appellant would have this Court find, as others have,

that an amended statute of limitations can be applied retrospectively so long as the accused has not acquired a vested right of acquittal by the running of a prior applicable statute of limitations. *See People v. Massarella*, 80 Ill.App.3d 552, 36 Ill.Dec. 16, 400 N.E.2d 436 (1979); *People v. Anderson*, 53 Ill.2d 437, 292 N.E.2d 364 (1973). While such an argument may be well taken in other jurisdictions, the statutes governing Criminal Procedure in Oklahoma specifically preclude this ruling. This is because the issue of retrospective application of all statutes contained within the criminal procedure code has been specifically addressed by a section of that very code. Title 22 O.S.1981, § 3 sets forth that "[n]o part of this code is retroactive unless expressly so declared."[2] Because the statutes of limitation at issue in this case, 22 O.S.1981, § 152 and its amended version, are within the criminal procedure code, we find 22 O.S.1981, § 3 to be dispositive; the amended statute of limitations cannot be applied to the case at bar because that would constitute prohibited retroactive application of a criminal procedure statute.

Because we have determined that the amended statute of limitations cannot be applied to the present case, we need not address the issue of which information is the pertinent one. This is because regardless of which filing is considered, under the original statute of limitations, prosecution is barred.

IT IS THEREFORE THE ORDER OF THIS COURT, that the decision of the district court finding that prosecution of the alleged Embezzlement charges was barred by the statute of limitations, should be, and the same hereby is AFFIRMED.

IT IS SO ORDERED.

1. At the time that the crimes were alleged to have been committed, 22 O.S.1981, § 152, the pertinent statute of limitations, barred prosecution three years after the commission of the criminal acts. However, this statute was amended to bar prosecutions five years after discovery of the crimes. This amendment became effective November 1, 1985.

2. The North Dakota statute which served as a model for Oklahoma's statute directing the rule of retroactivity, N.D.Cent.Code § 1–02–10 1987, recites the same text as 22 O.S.1981, § 3. In-

deed, it has been interpreted in North Dakota to mean exactly what it specifically states, "that no part of the North Dakota Century Code is retroactive unless expressly declared to be so." *State v. Kaufman*, 310 N.W.2d 709, 715 (N.D.1981). We too, see no other interpretation of this very specific language included within the Oklahoma code. Thus, if the Oklahoma legislature intends that statutes of limitation be applied in a retrospective manner, it is incumbent upon them to specifically provide for such application.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge