2006 OK CR 30

**Brian Lee SPORN, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. PC–2006–439.**

Court of Criminal Appeals of Oklahoma.

July 19, 2006.

**ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF**

¶1 On April 24, 2006, Petitioner, *pro se*, filed with the Clerk of this Court a Petition in Error and supporting brief appealing an

August 17, 2005, final order of the District Court of Oklahoma County, Case No. CF–1997–7210. The Honorable Twyla Mason Gray, District Judge, entered the final order with the trial court clerk on August 18, 2005. The order denied an Application for Post–Conviction Relief that Petitioner filed in the District Court on July 14, 2005.[1]

¶2 Following pleas of guilty, Petitioner was convicted upon five counts of Indecent Lewd Acts with a Child Under 16. On August 27, 1999, the Honorable Susan Bragg, District Judge, sentenced Petitioner to concurrent terms of fifteen years imprisonment upon each count, with all but the first five years suspended. Petitioner did not appeal these convictions. In March of 2004, the District Court entered an order revoking in full the remaining unexecuted portions of Petitioner's suspended sentences. On January 10, 2005, this Court affirmed the District Court's revocation order in an unpublished Summary Opinion, Appellate Case No. RE–2004–367.

¶3 In these post-conviction proceedings, Petitioner challenges the District Court's revocation order by claiming that his trial counsel provided him with ineffective assistance during the revocation action. The District Court disposed of this claim by finding that it "is waived because it could have been raised on direct appeal and was not."[2] (Dist. Ct. Order at 3.) Citing to cases decided by the Tenth Circuit that each involve appeals from federal convictions, Petitioner contends on appeal that this finding is error because "[t]he Tenth Circuit Court of Appeals have [sic] stated numerous times that claims of ineffective assistance of counsel is [sic] properly brought in collateral proceeding, *not* direct appeal." (Brief of Pet'r at 9) (emphasis in original).

¶4 The Court **FINDS** Petitioner's claim of error to be unfounded. As with all other claims that could have been raised upon direct appeal, a claim of ineffective assistance of trial counsel, available at the

---

1. On March 30, 2006, in Appellate Case No. PC–2006–242, this Court granted Petitioner leave to file this out-of-time appeal of the order denying him post-conviction relief.

2. Petitioner's counsel in the revocation appeal was not the same attorney who represented Petitioner within the revocation proceedings before the trial court.

time of a defendant's direct appeal, must be presented in that direct appeal or it is waived.[3] In this state proceeding, Petitioner cannot rely upon the Tenth Circuit Court of Appeals' application of federal rules of procedure for raising claims of ineffectiveness in appeals of federal convictions. The federal decisions cited by Petitioner provide no authority for interpreting Oklahoma's Post–Conviction Procedure Act, as none of the cited cases concerns state post-conviction procedures.

¶ 5 In *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), the Supreme Court took the opportunity to resolve a conflict that existed among different federal appellate courts concerning whether defendants should be procedurally barred from bringing a claim of ineffective assistance of trial counsel on collateral review. A majority of the Circuit Courts of Appeals had "tak[en] the position that there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal." On the other hand, the Second and Seventh Circuits had held that if appellate counsel did not represent the defendant at trial and "his trial counsel's ineffectiveness was evident from the record, and that he had failed to show cause or prejudice," then the defendant was "procedurally barred from bringing the ineffective-assistance claim on collateral review." *Massaro* at 503, 123 S.Ct. at 1693. The Supreme Court believed that "[t]he better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under [28 U.S.C.] § 2255," and it therefore held, "that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504, 123 S.Ct. at 1694.

¶ 6 *Massaro*, however, does not require Oklahoma to construe its post-conviction procedural bars concerning ineffective-assistance claims in the manner now established for federal cases. *Massaro* specifically recognized that "[t]he procedural default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* at 504, 123 S.Ct. at 1693. Although the Supreme Court acknowledged that a "growing majority of state courts now follow the rule" that it was adopting, it did not require the states to adopt its rule. *Id.* at 508, 123 S.Ct. at 1695.

¶ 7 In *Berget v. State*, 1995 OK CR 66, ¶¶ 4–25, 907 P.2d 1078, 1081–85, we thoroughly compared federal and state procedures for reviewing claims of ineffective assistance of trial counsel. As explained in *Berget*, the requirement that available ineffective-trial-counsel claims be made in a defendant's direct appeal is a viable alternative to those federal procedures established for raising ineffective claims. Petitioner's arguments do not persuade us to abandon this state rule of post-conviction procedure.

¶ 8 **IT IS THEREFORE THE ORDER OF THIS COURT** that the August 17, 2005, order denying Petitioner post-conviction relief in Oklahoma County District Court, Case No. CF–1997–7210, is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2006), **MANDATE IS ORDERED ISSUED** upon the filing of this decision.

¶ 9 **IT IS SO ORDERED.**

¶ 10 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 19th day of July, 2006.

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge

---

**3.** *Woodruff v. State,* 1996 OK CR 5, ¶¶ 8–10, 910 P.2d 348, 351–52; *Berget v. State,* 1995 OK CR 66, ¶¶ 4–25, 907 P.2d 1078, 1081–85; *Allen v. State,* 1995 OK CR 78, ¶ 6, 909 P.2d 836, 839.