OSCN Found Document:WATSON v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WATSON v. STATE
2015 OK CR 3
Case Number: PC-2014-637
Decided: 02/17/2015
STANLEY WATSON, Petitioner, v. STATE OF OKLAHOMA, Respondent.
Cite as: 2015 OK CR 3, __ __

 


ORDER AFFIRMING DENIAL OF SECOND
APPLICATION FOR POST-CONVICTION RELIEF



¶1 The Petitioner has appealed to this Court from an order of the District Court of Comanche County denying his second post-conviction motion requesting DNA testing in Case No. CF-2000-428. In that case, Petitioner was tried by a jury and convicted of Murder in the First Degree. He was sentenced in accordance with the jury's verdict to life imprisonment. Petitioner appealed to this Court and his Judgment and Sentence was affirmed. Watson v. State, No. F-2001-1356 (Okl.Cr. November 4, 2002) (not for publication).

¶2 On January 6, 2014, Petitioner filed in the District Court his first post-conviction motion requesting DNA testing, pursuant to the Postconviction DNA Act, 22 O.S.Supp.2013, §§ 1373 - 1373.7 (effective November 1, 2013). On March 4, 2014, the District Court issued an order denying Petitioner's first motion concluding that, because Petitioner failed to provide the necessary affidavit, he was not eligible for DNA testing pursuant to 22 O.S.Supp.2013, § 1373.2(C). Petitioner appealed to this Court from that District Court order and the appeal was dismissed because it was not timely filed. Watson v. State, No. PC-2014-302 (Okl.Cr. April 17, 2014). On April 7, 2014, Petitioner filed in the District Court a second post-conviction motion requesting DNA testing. On June 17, 2014, the District Court denied Petitioner's second motion finding Petitioner had not raised any issue in his second motion that either was not or could not have been raised in his first post-conviction motion requesting DNA testing. The District Court concluded that the grounds for relief Petitioner asserted could not be the basis of his second motion. Petitioner has filed this appeal from the District Court order denying his second post-conviction motion requesting DNA testing.

¶3 This Court has recognized that the procedure for any appeal under the Postconviction DNA Act is the same as an appeal to this Court under the Uniform Post-Conviction Act, as set forth in 22 O.S.2011, § 1087. State ex rel. Smith v. Neuwirth, 2014 OK CR 16, ¶ 11, 337 P.3d 763, 765-66 (citing 22 O.S.Supp.2013, § 1373.7, "An appeal under the provisions of the Postconviction DNA Act may be taken in the same manner as any other appeal"). We now find that, after a first post-conviction motion requesting DNA testing has been finally decided by the courts, the procedural bar provisions in Section 1086 of the Uniform Post-Conviction Act apply to the petitioner's second or subsequent post-conviction motion requesting DNA testing under the Postconviction DNA Act.

¶4 Under the Uniform Post-Conviction Act, all grounds for relief available to an applicant must be raised in his original, supplemental or amended application. 22 O.S.2011, § 1086. Any ground finally adjudicated or not so raised in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application. Id.

¶5 Although the Postconviction DNA Act does not expressly include a procedural bar like that found in Section 1086, the Act only provides that a person may file "a motion." 22 O.S.Supp.2013, § 1373.2(A). Throughout the Act that motion is referred to in the singular number, indicating multiple motions are not intended. 22 O.S.Supp.2013, §§ 1373.2(C), (D), 1374.4(A), (C), 1373.5(B)(1), 1373.6(A). The Postconviction DNA Act does state that the person may file the motion "[n]otwithstanding any other provision of law concerning post-conviction relief." 22 O.S.Supp.2013, § 1373.2(A). However, we do not find that provision is intended to preclude use of the procedural bar found in the Uniform Post-Conviction Act. 22 O.S.2011, § 1086. We find the provision in Section 1373.2(A) is intended, and is necessary, to declare the Postconviction DNA Act retroactive and applicable to previously final criminal cases; in other words a post-conviction motion requesting DNA testing may be filed and heard regardless of the person's previous challenges to his or her conviction or sentence taken prior to the effective date of Postconviction DNA Act. 22 O.S.2011, § 3 ("No part of this code is retroactive unless expressly so declared"). In addition, we cannot find that the Legislature intended for persons otherwise eligible under the Postconviction DNA Act to be able to file successive motions for DNA testing without regard to the disposition of previously filed motions under the Act. Finally, a person procedurally barred from filing second and subsequent motions for DNA testing is not completely precluded from obtaining DNA testing. DNA testing is allowed under the Postconviction DNA Act, without the requirement of filing a motion, when both the State and the convicted person agree that post-conviction testing should be conducted. 22 O.S.Supp.2013, § 1373.6(A). Therefore, we find a procedural bar like the one found in Section 1086 of the Uniform Post-Conviction Act may be utilized by the courts on any second or subsequent application for post-conviction relief requesting DNA testing under the Postconviction DNA Act.

¶6 As the District Court correctly noted in this case, Petitioner asserted and could have adequately raised his request for DNA testing in his first post-conviction motion requesting DNA testing. Petitioner has not provided any reason, and clearly not a sufficient reason, for not adequately raising the request for DNA testing in his first motion. See 22 O.S.2011, § 1086. Thus, that ground for relief may not be the basis for this subsequent motion. Id. Moreover, Petitioner never applied for an appeal out of time from the denial of his first post-conviction motion requesting DNA testing, and has not met his burden of establishing that he was denied an appeal in his first post-conviction proceeding through no fault of his own. Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2015); see Blades v. State, 2005 OK CR 1, 107 P.3d 607; see also Smith v. State, 1980 OK CR 43, 611 P.2d 276. Therefore, the order of the District Court of Comanche County denying Petitioner's second post-conviction motion requesting DNA testing in Case No. CF-2000-428 should be, and is hereby, AFFIRMED.

¶7 Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2015), the MANDATE is ORDERED issued forthwith upon the filing of this decision with the Clerk of this Court.

¶8 IT IS SO ORDERED.

¶9 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 17th day of February, 2015.


/S/CLANCY SMITH, Presiding Judge

/S/GARY L. LUMPKIN, Vice Presiding Judge

/S/ARLENE JOHNSON, Judge

/S/DAVID B. LEWIS, Judge


ATTEST:

Michael S. Richie
Clerk








 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2005 OK CR 1, 107 P.3d 607, BLADES v. STATE
Discussed
 2014 OK CR 16, 337 P.3d 763, STATE ex rel. SMITH v. NEUWIRTH
Discussed
 1980 OK CR 43, 611 P.2d 276, SMITH v. STATE
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1373, Short Title
Cited
 22 O.S. 1373.2, Eligibility and Procedures for Postconviction DNA Testing
Discussed at Length
 22 O.S. 1373.6, When State and Convicted Person Agree to Postconviction DNA Testing
Cited
 22 O.S. 1373.7, Appeals
Cited
 22 O.S. 3, Code Not Retroactive Unless Expressly Declared
Cited
 22 O.S. 1086, Subsequent Application
Discussed at Length
 22 O.S. 1087, Appeal to Court of Criminal Appeals
Cited