2016 OK CR 22

**David Earl FLOWERS, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. PC–2016–293

Court of Criminal Appeals of Oklahoma.

FILED OCTOBER 20, 2016

---

### ORDER REVERSING DENIAL OF REQUEST FOR DNA TESTING AND REMANDING FOR FURTHER PROCEEDINGS

¶1 Petitioner has appealed to this Court from a March 24, 2016, order of the District Court of Comanche County, denying his application for post-conviction relief requesting DNA testing in Case No. CRF–1993–241. In that case, Petitioner was tried by a jury, convicted and sentenced. Petitioner filed a direct appeal of his conviction, which was affirmed by this Court. *See Flowers v. State,* No. F–1994–1320 (May 1, 1996) (Not For Publication).

¶2 The Postconviction DNA Act went into effect on November 1, 2013. *See* 22 O.S.Supp. 2013, § 1373. This is Petitioner's second post-conviction application since the effective date of this Act. On February 26, 2014, Petitioner filed a previous application for post-conviction relief in the District Court that did not contain a request for DNA testing, said application for post-conviction relief was denied by the District Court on April 1, 2014. This Court affirmed the District Court's denial of relief. *See Flowers v. State,* No. PC–2014–333 (July 18, 2014) (Not For Publication). Petitioner's current application for post-conviction relief, filed in the District Court on December 5, 2014, is the first he has filed requesting DNA testing in Case No. CRF–1993–241.

¶3 In an order filed in the District Court on March 24, 2016, the Honorable Gerald F. Neuwirth, District Judge, denied Petitioner's

application for post-conviction relief requesting DNA testing. Judge Neuwirth ruled Petitioner's request was barred because he could have made the request in his previous application for post-conviction relief. Citing *Watson v. State*, 2015 OK CR 3, 343 P.3d 1282, Judge Neuwirth held any request for DNA testing must be made in the first post-conviction application filed following the enactment of the Postconviction DNA Act. We disagree.

¶ 4 In *Watson*, this Court held that based on 22 O.S.Supp.2013, §§ 1373.7 "the procedure for any appeal under the Postconviction DNA Act is the same as an appeal to this Court under the Uniform Post–Conviction Act." *Watson*, 2015 OK CR 3, ¶ 3, 343 P.3d at 1283 (citing *State ex rel. Smith v. Neuwirth*, 2014 OK CR 16, ¶ 11, 337 P.3d 763, 765–66). Moreover, the Postconviction DNA Act clearly provides that "notwithstanding any other provision of law concerning post-conviction relief" a person may request DNA testing pursuant to the Act. *See* 22 O.S.Supp.2013, § 1373.2(A).

¶ 5 *Watson* is distinguishable from the case presently before this Court. In *Watson*, it was the petitioner's second request for DNA testing. *Watson* subjects a second request for DNA testing pursuant to the Postconviction DNA Act to a procedural bar like that found in Section 1086. *Watson*, 2015 OK CR 3, ¶ 5, 343 P.3d at 1283. *Watson* does not hold that requests for DNA testing are subject generally to the Uniform Post–Conviction Act. *Id.* This Court stated "[w]e find a procedural bar like the one found in Section 1086 of the Uniform Post–Conviction Act may be utilized by the courts on any second or subsequent application for post-conviction relief requesting DNA testing under the Postconviction DNA Act." *Id.* This is not Petitioner's second or subsequent application for post-conviction relief requesting DNA testing under the Postconviction DNA Act.

¶ 6 The Dissent in this case maintains the Postconviction DNA Act expands the list of six grounds for relief found in 22 O.S.2011, § 1080, of the Uniform Post–Conviction Procedure Act stating: "The Legislature added an additional ground for relief when it enacted the Postconviction DNA Act." (Lumpkin, V.P.J., dissenting.) The language used by the 54 Oklahoma Legislature in the Postconviction DNA Act makes it clear this Act is not subject to the provisions of the Uniform Post–Conviction Procedure Act. First the Legislature did not amend the Uniform Post–Conviction Procedure Act to include any mention of the Postconviction DNA Act. We conclude this indicates the Postconviction DNA Act is not an additional ground for relief pursuant to the Uniform Post–Conviction Procedure Act. This Court will not interpret the Postconviction DNA Act to unilaterally create a new provision of the Uniform Post–Conviction Procedure Act without authority from the Legislature. Second, the Legislature made it clear its intent was the opposite when the only two references to the Uniform Post–Conviction Procedure Act were stating twice that "notwithstanding any other provision of law concerning post-conviction relief" a person may request DNA testing pursuant to the Act. 22 O.S.Supp. 2013, §§ 1373.2(A), 1373.6(B).

¶ 7 This Court recently held:

A fundamental principle of statutory construction requires this Court to determine and give effect to the intention of the Legislature. *State v. Iven*, 2014 OK CR 8, ¶ 13, 335 P.3d 264, 268. Legislative intent is determined first by the plain and ordinary language of the statute. *Johnson v. State*, 2013 OK CR 12, ¶ 10, 308 P.3d 1053, 1055. "A statute should be given a construction according to the fair import of its words taken in their usual sense, in conjunction with the context, and with reference to the purpose of the provision." *Id.* (citation omitted). When language of a statute is unambiguous, resort to additional rules of construction is unnecessary. *Barnard v. State*, 2005 OK CR 13, ¶ 7, 119 P.3d 203, 205–06. We must hold a statute to mean what it plainly expresses and cannot resort to interpretive devices to create a different meaning. *Johnson*, 2013 OK CR 12, ¶ 10, 308 P.3d at 1055.

*Newlun v. State*, 2015 OK CR 7, ¶ 8, 348 P.3d 209, 211. As noted by this Court in *State v. Iven*, 2014 OK CR 8, ¶ 14, 335 P.3d 264, 269, to be sure, we must presume the Legislature was aware of the Uniform Post–Conviction Procedure Act and our decisions and contem-

plated them in enacting the Postconviction DNA Act. The Legislature did not include the Postconviction DNA Act within the Uniform Post–Conviction Procedure Act and we will not read into a statute a requirement that is not there. *See Id.* More significantly, to do so would rely on nonexistent language while ignoring what the Legislature specifically stated. *See* 22 O.S.Supp.2013, § 1373.2(A).

¶ 8 As the foregoing discussion shows, today's decision does not rely upon notions of equity or some other creative approach to statutory interpretation to reach a desired result. Rather, we faithfully recognize and apply the Legislature's clear intent to establish a new statutory regime facilitating orderly DNA testing for eligible inmates— even when they have already filed a prior application for post-conviction relief challenging judgment and sentence under 22 O.S.2011, § 1080. In so doing, the Legislature has "devise[d] new procedures and new remedies to meet felt needs." *Payne v. Tennessee,* 501 U.S. 808, 825, 111 S.Ct. 2597, 2608, 115 L.Ed.2d 720 (1991). The Legislature's effort in this area is no surprise considering the nationwide movement by States and the federal government "to ensure the fair and effective use of [DNA] testing within the existing criminal justice framework." *District Attorney's Office for the Third Judicial Dist. v. Osborne,* 557 U.S. 52, 62, 129 S.Ct. 2308, 2316, 174 L.Ed.2d 38 (2009). Today's decision reflects our solemn obligation to carry out this legislative mandate.

¶ 9 As this is Petitioner's first application for post-conviction relief requesting DNA testing in this case, this Court's decision in *Watson* does not procedurally bar Petitioner from seeking relief under the Postconviction DNA Act. The order of the District Court of Comanche County in Case No. CRF–1993–241, denying Petitioner's request for DNA testing as procedurally barred is **REVERSED** and this matter is **REMANDED** to the District Court of Comanche County, the Honorable Gerald F. Neuwirth, District Judge, for further proceedings to consider Petitioner's application for DNA testing.

¶ 10 Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

¶ 11 **IT IS SO ORDERED.**

/s/ Clancy Smith
   **CLANCY SMITH, Presiding Judge**

/s/ Gary L. Lumpkin
   **GARY L. LUMPKIN, Vice Presiding Judge, Dissents**

/s/ Arlene Johnson
   **ARLENE JOHNSON, Judge**

/s/ David B. Lewis
   **DAVID B. LEWIS, Judge, Dissenting**

/s/ Robert L. Hudson
   **ROBERT L. HUDSON, Judge**

LUMPKIN, VICE PRESIDING JUDGE: DISSENTING

¶ 1 I respectfully dissent. The District Court properly followed this Court's controlling precedent in *Watson v. State,* 2015 OK CR 3, 343 P.3d 1282, when it ruled that Petitioner's request for DNA testing was procedurally barred.

¶ 2 It is disturbing that a majority of this Court has overlooked how the District Court reacquires jurisdiction of a case through post-conviction proceedings. "Excluding a timely appeal, the Uniform Post–Conviction Procedure Act (22 O.S.2011, § 1080 *et seq.*) encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." *See Jones v. State,* 1985 OK CR 99, ¶ 4, 704 P.2d 1138, 1140; *Webb v. State,* 1983 OK CR 40, ¶ 3, 661 P.2d 904, 905. "Post–conviction review provides petitioners with very limited grounds upon which to base a collateral attack on their judgments." *Logan v. State,* 2013 OK CR 2, ¶ 3, 293 P.3d 969, 973, *citing* 22 O.S.2001, § 1086. Section 1080 sets forth six grounds upon which a convicted person may institute a proceeding under the Post–Conviction Act. *See* 22 O.S. 2011, § 1080 (a-f). However, "[a]ll claims which could have previously been raised but were not are waived, and all claims which were raised in a direct appeal or in previous post-conviction proceedings are barred as *res judicata.*" *King v. State,* 2001 OK CR 22, ¶ 4, 29 P.3d 1089, 1090, citing 22 O.S.1991, § 1086.

¶ 3 The Legislature added an additional ground for relief when it enacted the Post-conviction DNA Act. 22 O.S.Supp.2013, §§ 1373–1373.7. Section 1373.2 of the Act allows "[a] convicted person [to] request forensic DNA testing of any biological material secured in the investigation or prosecution attendant to the conviction" when the biological material "was not previously subjected to DNA testing" or the biological material, "[a]lthough previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous DNA test." 22 O.S.Supp.2013, § 1373.2(B). The proper manner to request forensic DNA testing is to file a motion in an existing post-conviction case. *See* 22 O.S.Supp.2013, § 1373.2(C), (D). If there is no existing post-conviction case then a petitioner must file a verified post-conviction application in order to vest the District Court with jurisdiction to hear the request for forensic DNA testing. *See* 22 O.S.2011, § 1081. If the results of the forensic DNA testing conducted under the provisions of the Act are favorable to the petitioner, the District Court is authorized to grant the appropriate relief under 22 O.S.Supp.2013, § 1373.5.

¶ 4 The Uniform Post–Conviction Procedures Act is the funnel through which all post-conviction proceedings must flow. In both *Watson v. State* and *State v. Neuwirth* this Court recognized that the procedures set forth in the Uniform Post–Conviction Procedure Act were applicable to the Postconviction DNA Act. This Court held that "the procedure for any appeal under the Postconviction DNA Act is the same as an appeal to this Court under the Uniform Post–Conviction Act." *Watson*, 2015 OK CR 3, ¶ 3, 343 P.3d at 1283; *State ex rel. Smith v. Neuwirth*, 2014 OK CR 16, ¶ 11, 337 P.3d 763, 765–66. In *Watson*, this Court found that the procedural bar provisions set forth within Section 1086 of the Uniform Post–Conviction Procedure Act apply to the Postconviction DNA Act. *Watson*, 2015 OK CR 3, ¶¶ 3, 5, 343 P.3d at 1283.

¶ 5 Pursuant to § 1086, all claims which could have been previously raised in a direct appeal or in previous post-conviction proceedings but were not are waived. *Logan*, 2013 OK CR 2, ¶ 3, 293 P.3d at 973; *King*, 2001 OK CR 22, ¶ 4, 29 P.3d at 1090. Thus, a petitioner must request DNA testing in their first post-conviction application following the enactment of the Postconviction DNA Act, as it is the first opportunity to allege and argue the issue following the effective date of the Act.

¶ 6 In the present case, Petitioner's request for forensic DNA testing is barred by the provisions of Section 1086. The Postconviction DNA Act went into effect on November 1, 2013. *See* 22 O.S.Supp.2013, § 1373. Petitioner filed his original application for post-conviction relief on February 26, 2014. Since Petitioner filed his previous application for post-conviction relief in the District Court after the Postconviction DNA Act went into effect, Petitioner could have included his request for forensic DNA testing in that application. Because Petitioner's request for DNA testing could have been raised in the previous post-conviction proceedings but was not Petitioner waived consideration of his claim and it is barred.

¶ 7 Judge Neuwirth got it right. He followed the law based on a logical application of this Court's prior cases and our statutory provisions. Now, the Court blindsides him with a change of direction play, which appears to be on some kind of equity basis, *i.e.*, everyone should get one DNA application regardless of the number of prior post-conviction applications they have filed. I must once again remind the Court that this is a Court of law and not an Equity or Chancellor's court.

> Equity is a Roguish thing: for Law we have a measure, know what to trust to, Equity is according to the Conscience of him that is Chancellor, and as that is larger or narrower, so is Equity. 'Tis all one as if they should make the Standard for the measure, we call, a Chancellor's Foot, what an uncertain measure would this be? One Chancellor has a long Foot, another a short Foot, a third an indifferent Foot. 'Tis the same thing in the Chancellor's Conscience.

*Hain v. State*, 1993 OK CR 22, ¶ 2, 852 P.2d 744, 754 (Lumpkin, P.J., concurring in

part/dissenting in part) *quoting* Seldon, John, *Equity Table Talk* (Arber, Edward, ed. in *English Reprints*, nos. 1–7, London: 1869) at 46. This is a case of the Chancellor's foot being too long.

LEWIS, J., DISSENTING:

¶ 1 The law favors the legal principal of finality of judgment. *Sporn v. State*, 2006 OK CR 30, ¶ 6, 139 P.3d 953, 954, *Malicoat v. State*, 2006 OK CR 25, ¶ 3, 137 P.3d 1234, 1235, *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003). Flowers had his opportunity to request DNA testing in his first application for post-conviction relief, but he did not.

¶ 2 The "Postconviction DNA Act" (hereinafter, "DNA Act"), 22 O.S.Supp.2013, § 1373, *et seq.*, allows for the filing of a motion, but the "Post-conviction Procedure Act," 22 O.S. 2011, § 1080, *et seq.*, requires the filing of "a verified 'application....'" The motion, however, must be "accompanied by an affidavit sworn to by the convicted person containing statements of fact in support of the motion." 22 O.S.Supp.2013, § 1373.2. This affidavit is verification. *See* Rule 1.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). The words motion and application have the same practical meaning in these two acts; they are both applications to a court asking the court to do something.

¶ 3 The DNA Act merely identifies a specific ground for asking a court to do something utilizing the same procedure as found in the Post–Conviction Procedure Act. *State ex rel. Smith v. Neuwirth*, 2014 OK CR 16, ¶ 11, 337 P.3d 763, 765–66. The procedural bars of the Post–Conviction Procedure Act also apply to the DNA Act. *Watson v. State*, 2015 OK CR 3, ¶ 3, 343 P.3d 1282, 1283. A party must raise claims in a timely manner under section 1086 of the Post–Conviction Procedure Act. Flowers has not done so. I must, therefore, respectfully dissent to the order reversing the trial court's denial of DNA testing. I would affirm the trial court's denial of Flowers' subsequent application for post-conviction relief.