2017 OK CR 17

Bruce Esley **WITHEROW,** Appellant,

v.

The **STATE** of Oklahoma, Appellee.

Case No. F-2016-211

Court of Criminal Appeals of Oklahoma.

Decided: 06/15/2017

APPEARANCES AT TRIAL, MARK KANE, 310 S.E. ADAMS BLVD., BARTLESVILLE, OK 74003, ATTORNEY FOR DEFENDANT

JARED SIGLER, ASST. DISTRICT ATTORNEY, 420 S. JOHNSTONE AVE., BARTLESVILLE, OK 74003, ATTORNEY FOR STATE

APPEARANCES ON APPEAL, RICKI J. WALTERSCHEID, P.O. BOX 926, NORMAN, OK 73072, ATTORNEY FOR APPELLANT

E. SCOTT PRUITT, ATTORNEY GENERAL THEODORE M. PEEPER, ASSISTANT ATTORNEY GENERAL, 313 N.E. 21ST ST. OKLAHOMA CITY, OK 73105, ATTORNEYS FOR APPELLEE

## OPINION

LEWIS, VICE–PRESIDING JUDGE:

¶ 1 Bruce Esley Witherow, Appellant, was tried by jury and found guilty of Count 1, trafficking in illegal drugs, after two (2) or more prior felony drug convictions, in violation of 63 O.S.Supp.2014, § 2–415; Count 2, use of surveillance equipment to avoid detection, after former conviction of two (2) or more felonies, in violation of 21 O.S.2011, § 1993(C); and Count 3, unlawful possession of drug paraphernalia, a misdemeanor, in violation of 63 O.S.2011, § 2–405, in the District Court of Washington County, Case No. CF–2015–186. The jury sentenced Appellant to life without parole and a $25,000.00 fine in Count 1, four (4) years imprisonment in Count 2, and a $1,000.00 fine in Count 3. The Honorable Curtis L. DeLapp, District Judge, pronounced judgment and ordered the sentences served concurrently. Mr. Witherow appeals.

## FACTS

¶ 2 Appellant raises no challenge in this appeal to his conviction of the charged of-

fenses. Only a brief statement of facts is necessary. On May 22, 2015, Bartlesville police officers executed a search warrant at Appellant's residence. The officers eventually extricated Appellant from a crawlspace beneath the house where he was hiding. Officers also recovered approximately 82 grams of what proved to be methamphetamine, in three separate packages of approximately 27 grams (about 1 oz.) each, far in excess of the 20 gram trafficking quantity. Appellant has been convicted previously of four felony violations involving methamphetamine.

## ANALYSIS

¶3 In Proposition One, Appellant argues that fundamental error occurred when the trial court instructed the jury that Appellant was subject to a mandatory sentence of life without parole in Count 1. Appellant waived all but plain error when he failed to timely object at trial. *Simpson v. State*, 1994 OK CR 40, ¶ 2, 23, 876 P.2d 690, 692–93. He must now show that a plain or obvious error in the trial court's instruction affected the outcome of the proceeding. *Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. We will ordinarily correct plain error only if it seriously affects the fairness, integrity or public reputation of the proceedings. *Simpson*, 1994 OK CR 40, ¶ 30, 876 P.2d at 701.

¶4 On May 22, 2015, when Appellant was arrested and charged in Count 1, the enhanced punishment for trafficking in illegal drugs, after having "previously been convicted of two or more violations of ... any provision of the Uniform Controlled Dangerous Substances Act which constitutes a felony," was a mandatory sentence of life without parole. 63 O.S.Supp.2014, § 2–415(D)(3); *Randolph v. State*, 2010 OK CR 2, ¶ 34, 231 P.3d 672, 683 (mandatory life without parole sentence is "indeed harsh," but constitutional).

¶5 In the last week of April, 2015, the Legislature passed H.B. 1574, amending the mandatory life without parole sentence for some defendants like Appellant, convicted of trafficking after former conviction of two (2) or more nontrafficking[1] drug felonies, to "not less than twenty (20) years to life imprisonment or life without parole." The Governor signed H.B. 1574 on May 6, 2015, and pursuant to section 2 of the bill, it became effective on November 1, 2015. Appellant's trial was conducted in February, 2016, shortly after the effective date of this amended law. He now argues that the trial court erred in the penalty phase by instructing the jury only on the mandatory penalty of life without parole, rather than the new sentencing alternatives under H.B. 1574.

¶6 Article V, section 54 of the Oklahoma Constitution provides that "repeal of a statute shall not ... affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."[2] Over a century ago in *Penn v. State*, 1917 OK CR 97, 13 Okl.Cr. 367, 164 P. 992, a defendant charged with statutory rape sought the benefit of an amendment that altered the definition of the rape, which became effective just one week *after* the charged acts occurred. Relying on Article V, section 54, the Court affirmed his conviction, and said:

> The very minute this crime was committed the defendant became amenable to the law *as it then existed.* He then and there by his own voluntary conduct *incurred the penalty of that law*, and [Article V, § 54] prevents the Legislature of this state from wiping out penalties for crimes committed prior to the taking effect of a repealing statute .... The fact that the Legislature afterwards saw fit to change the law cannot avail this defendant *so as to relieve him of the penalty he had already incurred.*

*Penn*, 13 Okl.Cr. at 370, 164 P. at 993 (emphasis added).

---

1. H.B. 1574 retained mandatory life without parole for defendants convicted of trafficking after former conviction of "two or more drug trafficking violations." Okla. Sess. Laws, c. 258, § 1.

2. For purposes of Article V, section 54, there is no material difference between a statutory "repeal" and an amendment, because an amendment, to a certain degree, operates as a repeal of prior law. *One Chicago Coin's Play Boy Marble Board v. State ex rel. Adams*, 1949 OK 251, ¶ 21, 202 Okla. 246, 249, 212 P.2d 129, 133.

¶ 7 In *Bilbrey v. State*, 1943 OK CR 45, 76 Okl.Cr. 249, 135 P.2d 999, the Legislature amended a statute to provide that a first offense of driving under the influence of intoxicating liquor was a misdemeanor, and thus within the jurisdiction of the county court. The appellant then challenged a *district court* conviction suffered under the prior law for lack of jurisdiction. The Court, quoting its earlier decision in *Penn*, held:

that this defendant was subject to any penalty imposed by law for this crime *on the date of its commission*, and any subsequent statute repealing such penalty *can only operate prospectively, and is applicable only to [an] offense[ ] committed after the statute took effect.*

*Bilbrey*, 76 Okl.Cr. at 251, 135 P.2d at 1000 (emphasis added).

¶ 8 We have departed from these principles only in exceptional circumstances. In *Hain v. State*, 1993 OK CR 22, 852 P.2d 744, and several other capital cases, the Court granted new resentencing trials with the alternative penalty of life without parole, under a statutory amendment that became effective after the murders were committed and before the original trials occurred. The Court found the "gravity of the death penalty" warranted this "unique" treatment "only in cases where the amendment adding the option of life without parole ... was in effect at the time of the trial." *Id.*, 1993 OK CR 22, ¶¶ 47–48, 852 P.2d at 753; *see also Salazar v. State*, 1993 OK CR 21, ¶ 45, 852 P.2d 729, 740–41.

¶ 9 Intervening statutory changes will ordinarily be applied prospectively from their effective date, unless specifically declared to have retroactive effect. *Nestell v. State*, 1998 OK CR 6, ¶ 5, 954 P.2d 143, 144; *State v. Watkins*, 1992 OK CR 50, ¶ 5, 837 P.2d 477, 478. We presume that the Legislature is aware of constitutional provisions, statutes, and case law according to which amendments to statutes will be applied. *Flowers v. State*, 2016 OK CR 22, ¶ 7, 387 P.3d 947, 948–49; *State v. Iven*, 2014 OK CR 8, ¶ 14, 335 P.3d 264, 269. H.B. 1574 contains no indication that its amendment applied to crimes committed prior to the effective date,

or in trials of such cases conducted after its effective date. On the contrary, section 2 of H.B. 1574 seems to specifically provide that the enhanced penalty for drug trafficking would *not* change in *any* case until November 1, 2015.[3]

¶ 10 Life without parole for recidivist drug trafficking is indeed a harsh penalty, but it does not warrant judicial departure from established principles governing the effect of legislative amendments. The Legislative and Executive branches of government can address sentences imposed under prior law by specific remedial statutes, changes in correctional parole policy, or executive clemency. Appellant incurred the legal penalty of life without parole when he committed this crime. The trial court's instructions gave the correct enhanced penalty for drug trafficking. Proposition One is denied.

### DECISION

¶ 11 The Judgment and Sentence of the District Court of Washington County is **AFFIRMED**. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2017), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

SMITH, J.: Concurs

LUMPKIN, P.J.: Specially Concurs

JOHNSON, J.: Not Participating

HUDSON, J: Concurs

**LUMPKIN, VICE PRESIDING JUDGE: SPECIALLY CONCUR**

¶ 1 I concur in the Court's decision but write separately to address the anomaly in our jurisprudence. While I compliment my colleague for adhering to proper legal rules of statutory and constitutional construction I would go further and address the errant methodology utilized by the Court in both *Hain v. State*, 1993 OK CR 22, 852 P.2d 744, and *Salazar v. State*, 1993 OK CR 21, 852 P.2d 729.

---

**3.** The Court unanimously reached the same conclusion in *Speed v. State*, No. F–2015–35 (Okl.Cr. Mar. 22, 2016) (unpublished), where the charge was conspiracy to commit drug trafficking.

¶2 I still believe that this Court acted both extrajudicially and unconstitutionally in *Hain* and *Salazar*. In making its illadvised "death is different analysis" in those cases, this Court overthrew "nearly nine decades of jurisprudence holding the proper punishment to be that which is on the books at the time the crime was committed." *Salazar*, 1993 OK CR 21, ¶1, 852 P.2d at 741 (Lumpkin, P.J., concurring in part/dissenting in part). "The role of an appellate judge is to apply the law consistently and to ensure the rules of law are set forth to enable trial practitioners and trial judges to rely on those principles of law in the trial of cases." *Hain*, 1993 OK CR 22, ¶9, 852 P.2d at 755 (Lumpkin, P.J., concurring in part/dissenting in part). The majority's attempt to explain why *Hain* and *Salazar* do not apply in the present case exemplifies the anomaly in the law which this Court created in those cases when it directed trial courts to instruct concerning the sentence of life without the possibility of parole in cases where the offense occurred before enactment of that sentencing option. *Hain*, 1993 OK CR 22, ¶¶7–13, 852 P.2d at 755–56 (Lumpkin, P.J., concurring in part/dissenting in part); *Salazar*, 1993 OK CR 21, ¶4, 852 P.2d at 742 (Lumpkin, P.J., concurring in part/dissenting in part). The proper punishment to be applied is the one in effect at the time the crime was committed. *Hain*, 1993 OK CR 22, ¶12, 852 P.2d at 755 (Lumpkin, P.J., concurring in part/dissenting in part).