FILED
United States Court of Appeals
Tenth Circuit

January 10, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LAVONTE ANTONY'O JOHNSON,

    Petitioner - Appellant,

v.

SCOTT CROW, Director,

    Respondent - Appellee.

No. 21-6093
(D.C. No. 5:20-CV-00468-J)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Lavonte Antony'o Johnson pleaded guilty, in an Oklahoma state trial court, to

using a vehicle to facilitate the intentional discharge of a firearm. As part of the plea

agreement, he received a five-year deferred sentence. But, after failing to comply with

terms of his deferred sentence, the state applied to accelerate the sentence into a prison

term. Mr. Johnson moved to withdraw his plea, arguing his counsel failed to advise him

that a conviction and sentence for using a vehicle to facilitate the intentional discharge of

a firearm was subject to Oklahoma's 85% rule, a rule precluding parole consideration

until a defendant serves 85% of his sentence. The state trial court denied Mr. Johnson's

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

motion to withdraw his plea, concluding his counsel advised him regarding the 85% rule. Mr. Johnson sought review of the denial of his motion before the Oklahoma Court of Criminal Appeals ("OCCA"). The OCCA denied review and Mr. Johnson then filed a habeas petition under 28 U.S.C. § 2254. The district court denied relief and denied a certificate of appealability ("COA"). Mr. Johnson filed this petition for review of that decision.

Because we conclude Mr. Johnson has not shown that reasonable jurists could debate whether the state court unreasonably determined that counsel advised him of the 85% rule, we deny a COA and dismiss this matter.

## I.    BACKGROUND

In May 2014, Mr. Johnson pleaded guilty to one count of using a vehicle to facilitate the intentional discharge of a firearm, in violation of Section 652(B) of title 21 of the Oklahoma Statutes Annotated. The Oklahoma offense of using a vehicle to facilitate the intentional discharge of a firearm is an 85% offense, requiring a defendant to serve 85% of any imposed term of imprisonment before being eligible for parole. *See* Okla. Stat. tit. 21, §§ 12.1, 13.1. Under the plea agreement, Mr. Johnson received a five-year deferred sentence.

In 2017, a traffic stop led to the recovery of a semi-automatic pistol from Mr. Johnson's person. Due to his felony conviction and deferred sentence, Mr. Johnson was prohibited from possessing a firearm. Based on this violation, the state applied to accelerate Mr. Johnson's deferred sentence and sought a sentence of life imprisonment.

2

At the hearing on the application to accelerate the sentence, Mr. Johnson contended his counsel failed to advise him that the offense of using a vehicle to facilitate the intentional discharge of a firearm was subject to the 85% rule. Mr. Johnson relied upon his plea advisement form to advance this argument, observing that the word "Yes" was not circled for the advisement regarding the 85% rule; rather, a slash was placed through that section of the plea form. Based on this alleged omission, Mr. Johnson expressed an intent to move to withdraw his plea.

The state trial court took testimony from Mr. Johnson's lead plea counsel, Tony Coleman. Mr. Coleman testified that he knew the offense of using a vehicle to facilitate the intentional discharge of a firearm was subject to the 85% rule and that he advised Mr. Johnson of such.[1] Mr. Coleman, however, further testified he was not present for Mr. Johnson's plea hearing and did not complete the plea advisement form; rather his associate, Lorenzo Banks, performed those tasks. Mr. Coleman also acknowledged that there was nothing in his file on Mr. Johnson's case specifically noting that he advised Mr. Johnson about the 85% rule. But Mr. Coleman stated that it was his practice to advise defendants subject to the rule about the rule and that he frequently had cases involving the offense of using a vehicle to facilitate the intentional discharge of a firearm.

The state trial court found Mr. Coleman credible, stating that "based on the testimony today it's clear to the [c]ourt that Mr. Johnson had been made aware that it was

---

[1] In testifying to this, Mr. Coleman incorrectly identified Section 571 of title 57 of the Oklahoma Statutes as governing the 85% rule. For reference, the provision identified by Mr. Coleman defines "violent crime," designating using a vehicle to facilitate the intentional discharge of a firearm as a "violent crime." Okla. Stat. tit. 57, § 571(2)(qq).

3

an 85 percent crime." ROA at 41. The state trial court found Mr. Johnson guilty of the

allegations in the application to accelerate sentence and sentenced Mr. Johnson to 27

years' imprisonment.

Thereafter, Mr. Johnson moved to withdraw his plea, arguing in part that his plea

was not knowing and voluntary where counsel did not advise him about the 85% rule.

The state trial court held a hearing at which Mr. Banks testified. Mr. Banks testified that

he was familiar with the 85% rule when Mr. Johnson entered his plea and knew that the

offense of using a vehicle to facilitate the intentional discharge of a firearm was subject

to the 85% rule. Mr. Banks further testified that it was his practice to advise clients about

the 85% rule even if their initial sentence "doesn't include jail time" because the client

was "potentially setting themselves up for coming back on possibly an Application to

Revoke or something like that." *Id.* at 79. But Mr. Banks also could not explain why he

had crossed out the section on Mr. Johnson's plea form regarding the 85% rule.

At the close of the hearing, the state trial court announced the following findings

of fact and conclusions of law:

> Even though it's clear from [the plea form] that there was a line
> marked through [the question about the 85% rule], I have what I would
> characterize a[s] overwhelming evidence from Mr. Coleman and Mr. Banks
> that notwithstanding that marking on [the question] that Mr. Johnson was
> repeatedly informed of the 85 percent rule and the significance and the
> ramifications thereof.
>                          *       *       *
> I have had Mr. Coleman and Mr. Banks appear in front of me
> numerous times through the years. They have always presented themselves
> in a prepared manner, in a very articulate manner, in a manner in which has
> gone above and beyond adequate representation of their clients each and
> every time that they have appeared in front of me.

In evaluating their credibility, that is very easy for this [c]ourt. As I said, they've appeared in front of me numerous times and have each and every time been absolutely forthright in what I believe is honest with this [c]ourt in their presentations to this [c]ourt and I have no doubt, no doubt in relying on their statements to the [c]ourt that both of them, on more than one occasion, explained to Mr. Johnson the ramifications of an 85 percent rule and the meaning thereof.

Therefore, I find that [Mr. Johnson] entered his plea of guilty with a full understanding of his rights including the 85 percent rule and the ramifications thereof.

That his plea was freely and voluntarily entered.

And that his plea of guilty should not be withdrawn.

Therefore, the [c]ourt orders that the Application to Withdraw Plea of Guilty is hereby denied.

*Id.* at 91–93.

Mr. Johnson sought review of the denial of his motion before the OCCA. The OCCA denied review, concluding (1) "the trial court did not abuse its discretion in concluding that despite the scrivener's error on the plea form, [Mr. Johnson] was properly advised that this was an 85% crime"; and (2) Mr. Johnson had "not shown that counsel was ineffective." *Id.* at 117–18.

Mr. Johnson then sought federal habeas relief under 28 U.S.C. § 2254, contending his plea was not voluntary and that counsel provided ineffective assistance by not advising him about the 85% rule. Mr. Johnson's petition was referred to a magistrate judge who concluded that Mr. Johnson was not entitled to relief because he had not demonstrated that the state courts made an unreasonable determination of fact when they concluded counsel advised Mr. Johnson about the 85% rule. Mr. Johnson objected to the magistrate judge's recommendation, arguing the state courts viewed the evidence unreasonably given that (1) Mr. Johnson unequivocally contended he was not advised

5

about the 85% rule, (2) Mr. Coleman and Mr. Banks did not have any specific recollection of advising Mr. Johnson about the 85% rule, (3) the question on the plea form about the 85% rule was crossed out, and (4) counsel waived having a court reporter at his plea hearing such that there is no record of the state trial court advising Mr. Johnson about the 85% rule during the plea colloquy. The district court denied Mr. Johnson's objections and adopted the magistrate judge's recommendation without providing any new analysis. The district court also denied a COA. Mr. Johnson now seeks a COA from this court, raising the arguments he presented in his § 2254 petition and in his objections to the magistrate judge's recommendation.

## II.    DISCUSSION

Without a COA, we lack jurisdiction to review the denial of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where a district court denies relief and denies a COA, we will issue a COA "'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Charlton v. Franklin*, 503 F.3d 1112, 1114 (10th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). "This standard requires 'a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When a petitioner includes in his habeas application a "claim that was adjudicated on the merits in State court proceedings," a federal court shall not grant relief on that claim unless the state-court decision:

6

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state-court decision is an "unreasonable application" of Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08. Finally, a "'presumption of correctness'" is due to a state court's factual findings and "such findings can only be rebutted by 'clear and convincing evidence.'" *Grant v. Royal*, 886 F.3d 874, 949 (10th Cir. 2018) (quoting 28 U.S.C. 2254(e)(1)). This is a "daunting standard" for a petitioner to satisfy because for us to find the state courts made an "unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), we must conclude that the state court "plainly misapprehended or misstated the record," *Jones v. Warrior*, 805 F.3d 1213, 1221 (10th Cir. 2015) (quotation marks omitted).

Mr. Johnson seeks a COA on two issues—that his plea was not knowing and voluntary and that counsel provided ineffective assistance. We briefly state the legal standard for each claim before considering the ultimate issue central to both

7

claims—whether reasonable jurists could debate whether the state trial court made an unreasonable determination of fact by concluding counsel had advised Mr. Johnson about the 85% rule.

For a plea to be enforceable, the defendant must enter it "voluntarily and with a complete understanding of the nature of the charge and the consequences of his plea." *Miles v. Dorsey*, 61 F.3d 1459, 1471 (10th Cir. 1995) (quotation marks omitted). "[A]n allegation that a defendant's plea 'was based on grossly inaccurate advice about the actual time he would serve in prison' gives rise to 'a colorable claim of a constitutional violation.'" *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005)); *see also United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) ("A plea may be involuntary where an attorney materially misrepresents the consequences of the plea."). Finally, "[i]n the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *Id.*

The state courts concluded counsel advised Mr. Johnson about the 85% rule such that he could not establish that his plea was involuntary or that counsel's performance fell below objective professional standards. While the plea form provides some evidence contrary to the state trial court's finding of fact, it is not clear and convincing evidence so persuasive as to overcome the presumption of correctness due factual findings made by the state court. First, the state trial court had the opportunity to judge the credibility of two attorneys—Mr. Coleman and Mr. Banks—who regularly appeared before the court.

8

Both attorneys provided persuasive evidence that they were familiar with the 85% rule, knew it applied to Mr. Johnson's offense, and would have advised a client in Mr. Johnson's position about the rule.[2] Second, the state trial court provided a detailed and coherent explanation for its finding. Third, there are many possible explanations for why the question about the 85% rule was crossed out on the plea form. For instance, it may have been a scrivener error, as suggested by the OCCA. Or it might be that since Mr. Johnson was receiving a deferred sentence with no prison time, counsel crossed off the question because the deferred sentence Mr. Johnson faced was not subject to the 85% rule. In other words, Mr. Johnson would be subject to all five years of the deferred sentence, not 85% of the five years. Ultimately, what we do know is that while the question was crossed out and the word "Yes" was not circled, it is also the case that the word "No," regarding the applicability of the 85% rule, also was not circled. App. at 7.

Ultimately, the marking on the plea form is not incompatible with counsel having advised Mr. Johnson about the 85% rule. And, given the multitude of possible explanations for the marking on the plea form when compared with the state trial court's ability to judge the credibility of Mr. Coleman and Mr. Banks, we conclude reasonable jurists could not debate the merits of either claim raised by Mr. Johnson.[3]

---

[2] Mr. Johnson attempts to diminish Mr. Coleman's testimony based on Mr. Coleman referencing the "violent crime" provision rather than the statutory provision governing the 85% rule. We find this argument unpersuasive. Although Mr. Coleman cited the wrong statutory provision, it is apparent from his comments that he intended to reference the 85% rule.

[3] Mr. Johnson also contends in his request for a COA that counsel was ineffective for waiving a court reporter and not requiring a transcript of his plea colloquy.

## III.    CONCLUSION

Because Mr. Johnson failed to present evidence permitting reasonable jurists to debate whether the state trial court made an unreasonable determination of fact when it found that counsel advised Mr. Johnson about the 85% rule, we DENY a COA and DISMISS this matter.

                                                    Entered for the Court


                                                    Carolyn B. McHugh
                                                    Circuit Judge

---

Mr. Johnson, however, failed to raise this issue before the OCCA. *See* App. at 105–12. Accordingly, the argument is unexhausted and subject to an anticipatory procedural bar. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (quotation marks omitted)); *Sporn v. State*, 139 P.3d 953, 953–54 (Okla. Crim. App. 2006) ("[A] claim of ineffective assistance of trial counsel, available at the time of a defendant's direct appeal, must be presented in that direct appeal or it is waived."); *see also Johnson v. Crow*, No. 5:20-cv-00468-J, Resp. to Pet. for Writ of Habeas Corpus 32–38, CM/ECF No. 24 (raising exhaustion and anticipatory procedural bar issue).