HANCOCK v. STATE
2022 OK CR 13
Case Number: PC-2021-1256
Decided: 07/21/2022
PHILLIP DEAN HANCOCK, Petitioner v. THE STATE OF OKLAHOMA, Respondent
Cite as: 2022 OK CR 13, __ __

 

 

OPINION

LEWIS, JUDGE:

¶1 Phillip Dean Hancock, Petitioner, was tried by jury and found guilty of Counts 1 and 2, first-degree murder, in violation of 21 O.S.2001 § 701.7Hancock v. State, 2007 OK CR 9155 P.3d 796cert. denied, Hancock v. Oklahoma, 552 U.S. 1029 (2007). This Court previously denied Petitioner's first application for capital post-conviction relief in Hancock v. State, No. PCD-2004-1265 (Okl.Cr., February 6, 2008)(unpublished).

¶2 Petitioner later sought federal habeas corpus relief in the United States District Court, which denied relief. The Tenth Circuit Court of Appeals affirmed in Hancock v. Trammell, 798 F.3d 1002 (l0th Cir. 2015). On June 18, 2021, Petitioner filed a second application for post-conviction relief, a motion for related discovery, and motion for evidentiary hearing, asserting claims of newly discovered evidence about a prosecution witness's testimony. The second capital post-conviction application remains pending with this Court.

¶3 On July 8, 2021, Petitioner filed a motion for post-conviction DNA testing pursuant to 22 O.S.Supp.2013, § 1373

¶4 On October 25, 2021, the State filed the required statutory inventory of the evidence and a response in opposition to the motion for DNA testing. The State argued that Petitioner had not shown a reasonable probability that favorable DNA testing would have resulted in his acquittal if such evidence had been available at his original trial. On the following day, the district court, Honorable Cindy H. Truong, denied all relief on Petitioner's motion in a written order. Petitioner appeals in the following propositions of error:

1. The district court erred in not holding a hearing in order to determine whether to order DNA testing;

2. The district court applied the wrong standard when it determined whether to order DNA testing;

3. At a hearing, Mr. Hancock will demonstrate that he meets the requirements to obtain DNA testing.

¶5 This Court reviews the denial of a motion for post-conviction DNA testing for abuse of discretion. State ex rel. Smith v. Neuwirth, 2014 OK CR 16337 P.3d 763Neloms v. State, 2012 OK CR 7274 P.3d 161

¶6 This Court finds that Petitioner's first proposition requires reversal and remand for further proceedings. The Post-Conviction DNA Act, 22 O.S.Supp.2013, section 1373.4(A), provides that after a motion requesting forensic DNA testing and subsequent response from the State have been filed, "the sentencing court shall hold a hearing to determine whether DNA forensic testing will be ordered." (emphasis added). The statute further directs the court to make its determination "at the close of the hearing" whether to order DNA testing and make arrangements for the transfer of items to be tested. § 1373.4(B). Petitioner argues, and the State concedes, that the trial court erred in summarily entering its written order denying post-conviction DNA testing without any pretense of holding the hearing required by mandatory language in the statute.

¶7 The State goes on to argue that the trial court's procedural error is harmless, because the trial evidence persuasively shows that Petitioner cannot establish a reasonable probability that he would have been acquitted on self-defense grounds if favorable DNA results had been obtained through DNA testing at the time of his trial.

¶8 Specifically, we direct the trial court on remand to conduct a hearing on Petitioner's motion for post-conviction DNA testing within thirty days of this order. At that hearing, the trial court shall receive and consider any relevant evidence from either party, including any proper stipulations of fact; and shall thereafter determine whether the evidence demonstrates each of the following statutory criteria for DNA testing:

1. A reasonable probability that the petitioner would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution;

2. The request for DNA testing is made to demonstrate the innocence of the convicted person and is not made to unreasonably delay the execution of the sentence or the administration of justice;

3. One or more of the items of evidence the convicted person seeks to have tested still exists;

4. The evidence to be tested was secured in relation to the challenged conviction and either was not previously subject to DNA testing or, if previously tested for DNA, the evidence can be subjected to additional DNA testing that will provide a reasonable likelihood of more probative results; and

5. The chain of custody of the evidence to be tested is sufficient to establish that the evidence has not been substituted, tampered with, replaced or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, the testing itself has the potential to establish the integrity of the evidence.

See 22 O.S.Supp.2013, § 1373.4

¶9 At the time of the hearing, the trial court should also ensure each party's disclosure of "any DNA analysis or other biological testing" conducted without the prior knowledge of the opposing party. See § 1373.4(C)(requiring each party to reveal previously undisclosed testing). If the trial court concludes that post-conviction DNA testing is required according to the above criteria and otherwise proper under the post-conviction DNA statutes, the court may enter an order for DNA testing as required by the statute, and conduct any further post-testing proceedings. §§ 1373.4 (D)-(F); 1373.5.

¶10 Any party aggrieved by the trial court's subsequent orders may initiate an appeal according to the requirements provided by law. We find here that the trial court abused its discretion and committed error by failing to hold the hearing on Petitioner's motion for post-conviction DNA testing required by statute. On this limited record, we decline to reach the conclusion that the error was harmless.

DECISION

¶11 The order denying motion for post-conviction DNA testing is REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY
HONORABLE CINDY H. TRUONG, DISTRICT JUDGE

APPEARANCES BY COUNSEL

 

 
 
 
 LANITA HENRICKSEN
 600 N. WALKER AVE.
 OKLAHOMA CITY, OK 73102

 HUNTER LABOVITZ
 SUITE 545 WEST, THE CURTIS
 PHILADELPHIA, PA 19106
 ATTORNEYS FOR PETITIONER
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 JENNIFER L. CRABB
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR THE STATE
 
 
 

 

OPINION BY: LEWIS, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur in Result
MUSSEMAN, J.:Concur

FOOTNOTES

Hancock, 2007 OK CR 9155 P.3d 796